IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION

FILED

December 30, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9708-CR-00383 |
| Appellee, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. THOMAS H. SHRIVER, |
| LAMONT McDONALD, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Motion to Reduce Sentence) |

**FOR THE APPELLANT:**

**KARL DEAN**
Public Defender

**JEFFREY A. DeVASHER**
**ROSS E. ALDERMAN**
Asst. Public Defenders
1202 Stahlman Building
211 Union Street
Nashville, TN 37201-5066

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**TIMOTHY BEHAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**VICTOR S. JOHNSON III**
District Attorney General

**KYMBERLY HAAS**
Assistant District Attorney General
Washington Square Building
222 Second Avenue North
Nashville, TN 37201-1649

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Lamont McDonald, appeals the trial court's denial of his Tenn. R. Crim. P. 35(b) motion to reduce sentence. He originally pled guilty to second degree murder and received an agreed sentence of twenty-three (23) years as a Range I, standard offender. On appeal, the defendant claims the trial court abused its discretion in denying the motion. Finding no abuse of discretion, we affirm the judgment of the trial court.

**I.**

Although indicted for first degree murder, the defendant pled guilty on April 23, 1997, to second degree murder. He entered into plea negotiations and agreed to a twenty-three (23) year sentence as a Range I, standard offender.[1]

On June 10, 1997, the defendant timely filed a Tenn. R. Crim. P. 35(b) motion. The defendant's motion requests his sentence be reduced to twenty (20) years. The trial court denied the motion after a hearing. Defendant now contends his sentence should be reduced based upon his "spotless institutional record, his desire to obtain vocational and computer training, his age, his lack of a prior record, and the harshness of his sentence when compared to those of his co-defendants who entered negotiated pleas."

**II.**

Under Tenn. R. Crim. P. 35(b), a sentence may be reduced if the trial court determines it is in the "interests of justice." *See* Committee Comment. In

---

[1] Tenn. Code Ann. § 40-35-501(i) provides that those committing second degree murder on or after July 1, 1995, are ineligible for parole and can only receive sentencing credits not to exceed 15%. This offense was committed January 11, 1995; therefore, Tenn. Code Ann. § 40-35-501(i) is not applicable.

2

contrast to the *de novo* standard of review applicable to sentencing appeals perfected under Tenn. Code Ann. § 40-35-401(d), appeals of Rule 35(b) decisions are reviewed simply to determine if there has been an abuse of discretion by the trial court. State v. Irick, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993). A trial court should not modify an agreed sentence imposed from a Tenn. R. Crim. P. 11(e)(1)(C) guilty plea absent unusual and unforeseen post-sentencing developments. State v. McDonald, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994).

The defendant's attempts at rehabilitation are admirable. Likewise, his youth and lack of prior criminal involvement are positive factors. However, his co-defendant who actually fired the fatal shot received a life sentence. Even though the two other co-defendants received sentences substantially less than the defendant's sentence, their involvement was much less than the defendant's involvement. Thus, defendant's sentence does not appear unduly harsh. In the final analysis, we are unable to conclude that the trial court abused its discretion in denying the motion.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**L. T. LAFFERTY, SENIOR JUDGE**