**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT NASHVILLE**
**MAY SESSION, 1999**

FILED

June 9, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | No. 01C01-9807-CC-00306 |
| Appellee | ) | |
| | ) | **WILLIAMSON COUNTY** |
| vs. | ) | |
| | ) | Hon. Donald P. Harris, Judge |
| **BRIAN ROBERSON,** | ) | |
| | ) | **(Sentencing)** |
| Appellant | ) | |

For the Appellant:

**Trippe Steven Fried**
Attorney for Appellant
302 Third Avenue South
Franklin, TN 37064

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Marvin E. Clements, Jr.**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**Joseph Baugh**
District Attorney General
P. O. Box 937
Franklin, TN 37065-0937

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

**David G. Hayes**
Judge

The appellant, Brian Roberson, appeals the denial of a Rule 35(b) "Motion for Correction of Sentence" by the Williamson County Criminal Court. This motion arose from a plea entered on January 14, 1998, by the appellant pursuant to an agreed disposition under Rule 11(e)(1)(C), Tenn. R. Crim. P. After pleading guilty to two counts sale of cocaine, a Class B felony, and one count sale of cocaine, a Class C felony, the trial court, in accordance with the plea agreement, imposed a sentence of eight years for each Class B felony and a sentence of three years for the Class C felony. Apparently, the appellant was serving outstanding sentences of 17.5 years at the time he pled guilty to the current charges. The instant eight year sentences were ordered to run concurrently with each other and concurrently with the outstanding sentences of 17.5 years. However, the three year sentence for the Class C felony was ordered to run consecutively to the outstanding sentences for an effective sentence of 20.5 years. On appeal, the appellant argues that the trial court erroneously denied his motion to correct or reduce his three year sentence for the sale of cocaine.

Based upon our review of the entire record, i.e., the video transcripts, briefs, and argument of counsel, we affirm the judgment of the trial court pursuant to Rule 20, Tenn. Ct. Crim. App. R.

On June 8, 1998, the trial court held a hearing on the appellant's "Motion for Correction of Sentence." In the appellant's motion, he requested that "his sentence to the count of Class C felony sale of drugs be corrected to reflect that the time of confinement be spent in the Williamson County Workhouse." However, at the motion hearing, counsel orally amended his motion to further request suspension of the three year sentence. At the hearing, the appellant offered no proof of any unusual circumstances or unforeseen developments since his original sentencing

date. The trial court found that the appellant entered into a negotiated plea agreement and that it had no authority to modify the previously entered plea agreement based upon the evidence presented. Thus, the trial court summarily denied the appellant's motion.

Modification of a sentence may be granted under Rule 35(b), Tenn R. Crim. P., if the trial court finds "in the interests of justice," that the sentence must be reduced. See State v. Hodges, 815 S.W.2d 151, 154 (Tenn. 1991). Absent "unforeseen, post-sentencing developments," a plea agreement under Rule 11(e)(1)(C), Tenn. R. Crim. P., should not be modified. State v. McDonald, 893 S.W.2d 945, 947 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1994). The standard of review on appeal involving a Rule 35(b) motion is whether the trial court abused its discretion. See State v. Irick, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993); State v. Costa, No. 01C01-9511-CR-00376 (Tenn. Crim. App. at Nashville, Dec. 4, 1997).

The record fully supports the trial court's disposition denying the appellant's motion. Finding no abuse of discretion, the trial court's denial of the motion for correction or reduction of the sentence is affirmed pursuant to Rule 20, Tenn. Ct. Crim. App. R.

_____
DAVID G. HAYES, Judge

CONCUR:

3

_____
JERRY L. SMITH, Judge


_____
NORMA MCGEE OGLE, Judge

4