IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

OCTOBER 1999 SESSION



**FILED**

**December 16, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

STATE OF TENNESSEE,               )
                                  )        C.C.A. No. W1999-01696-CCA-R3-CD
         Appellee,                )
                                  )        Shelby County
v.                                )
                                  )        Honorable Bernie Weinman, Judge
MARCUS MABON,                     )
                                  )        (Motion for Correction/Reduction of Sentence)
         Appellant.               )


<u>FOR THE APPELLANT</u>:                 <u>FOR THE APPELLEE</u>:

RANDALL B. TOLLEY                         PAUL G. SUMMERS
242 Poplar Avenue                         Attorney General & Reporter
Memphis, TN 38103
                                          PATRICIA C. KUSSMANN
                                          Assistant Attorney General
                                          425 Fifth Avenue North
                                          Nashville, TN 37243-0493

                                          WILLIAM L. GIBBONS
                                          District Attorney General

                                          JOHN W. CAMPBELL
                                          Assistant District Attorney General
                                          201 Poplar Avenue, Suite 301
                                          Memphis, TN 38103-1947



OPINION FILED: _____


AFFIRMED


ALAN E. GLENN, JUDGE

## O P I N I O N

The defendant, Marcus Mabon, entered a guilty plea in the Shelby County Criminal Court on July 2, 1992, to the offense of second degree murder. Pursuant to the negotiated plea agreement, he was sentenced to fifty years in the Department of Correction as a Range III, persistent offender. On March 31, 1999, he filed a motion for correction/reduction of sentence, alleging that he had not been advised, prior to the entry of the guilty plea, that he was being sentenced as a Range III offender. The trial court denied this motion, ruling that, pursuant to Tenn. R. Crim. P. 35(b), it was untimely because it had not been filed within 120 days of the entry of the judgment. The defendant filed a timely appeal of the denial. Based upon our review of the record, we affirm the judgment of the trial court.

## FACTS

On May 14, 1992, the defendant was indicted by the Shelby County Grand Jury for the offenses of murder in the perpetration of a robbery and first degree murder, both in violation of Tennessee Code Annotated § 39-12-202. On July 2, 1992, he executed a negotiated plea agreement form, which was entered with the court that day. That agreement contains the following:

### NEGOTIATED PLEA AGREEMENT

It is stipulated and agreed between the State of Tennessee and the defendant, <u>Marcus Mabon</u>, that, upon the defendant's plea of guilty to the offense [of] <u>Murder 2nd degree</u>, a presentence hearing is waived and the State recommends that the defendant be sentenced, within Range <u>III</u>, to confinement for <u>50</u> YEARS, _____ MONTHS, _____ DAYS, to be served (CONCURRENTLY) (CONSECUTIVELY) with _____ and to pay a fine of $_____ (underlined portions in original indicating handwritten additions to printed form).

This form further states that "[i]t is further stipulated and agreed that: . . . 5. The defendant is a Persistent Offender, Range III." Following these provisions, the form bears the signature of the defendant, his two counsel, and the assistant district attorney general representing the State of Tennessee. In addition, on that day, the defendant and his counsel executed a "Petition for Waiver of Trial by Jury and Request for Acceptance of Plea of Guilty." The trial court then entered its order, granting the defendant's petition, as well as the judgment, which specifically states that the defendant was sentenced as a "Persistent 45% Range 3" offender to fifty years. The judgment was signed by the trial judge, an assistant district attorney general, and both counsel representing the defendant.

2

According to the defendant's motion, the denial of which is the basis for this appeal, the defendant filed a petition for post-conviction relief in 1997, alleging that he had received an illegal sentence. This petition was dismissed for being "outside the Statute of Limitations." Apparently, there was no appeal of that dismissal, which, according to the defendant, occurred on February 3, 1997. On March 31, 1999, the defendant filed a "Motion for Correction/Reduction of Sentence," pursuant to Rule 35(b), Tenn. R. Crim. P., as well as Tennessee common law, seeking a "correction, reduction, or modification of the sentence originally imposed by the Court." After the State of Tennessee responded to the motion, the trial court dismissed it without a hearing. The defendant timely appealed that dismissal. We will now consider the authorities and arguments set out in the defendant's brief.

**ANALYSIS**

The defendant argues that his sentence should be altered pursuant to Rule 35(b), Tenn. R. Crim. P., which allows a trial court to alter a sentence under limited circumstances:

> Reduction of Sentence. The trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions shall toll the running of this time limitation. A motion for reduction of sentence under this rule may be denied by the trial judge without a hearing.

The defendant's sole basis for seeking relief pursuant to Rule 35(b) is that the State of Tennessee did not comply with Tennessee Code Annotated § 40-35-202(a), which states that the district attorney general "shall" file a statement not less than ten days before

the trial or acceptance of a guilty plea that the "defendant should be sentenced as a multiple, persistent or career offender." If the notice is filed later than ten days prior to the trial or acceptance of plea of guilty, Rule 12.3, Tenn. R. Crim. P., provides that the trial court shall grant a "reasonable continuance of the trial," upon defense motion. In this matter, the defendant does not claim that any such motion was filed or that he presented an objection to the guilty plea until 1997, in his petition for post-conviction relief.

Assuming that a timely motion to modify a sentence is filed, pursuant to Rule 35(b), the trial court can grant relief upon a finding that the sentence should be reduced "in the interest of justice." State v. Hodges, 815 S.W. 2d 151, 154 (Tenn. 1991). However, a plea agreement pursuant to Tenn. R. Crim. P. 11(e)(1)(C), as occurred in this case, should not

3

be modified in the absence of "unforeseen, post-sentencing developments." State v. McDonald, 893 S.W.2d 945, 947 (Tenn. Crim. App.), perm. app. denied (Tenn. 1994).

In this matter, there is no claim that "unforeseen, post-sentencing developments" had occurred, only that the State of Tennessee had not complied with Rule 12.3 by giving ten days notice that it considered the defendant to be a persistent offender. Obviously, the State's failure to timely provide the "notice" is not a "post-sentencing development" for which the trial court could have provided relief, as allowed by Rule 35(e). However, a consideration of that issue is moot because a Rule 35(b) motion was not filed within 120 days after imposition of the sentence. The Comments to this rule unequivocally state that such a motion must be filed within the 120-day period:

> The motion to modify must be filed within 120 days of the date of the trial court's's imposition of sentence. This time period may not be extended or tolled. Unlike the federal rule which also allows a modification after appeal, the 120 days run immediately after the sentence is imposed by the trial judge and *not* from the mandate of the appellate court.

Tenn. R. Crim. P. 35(b) Advisory Commission Comments.

In spite of the defendant's references to case law and common law as entitling him to the relief which he seeks, there is no basis upon which he can seek relief. The

defendant, through counsel, entered into a negotiated plea agreement with the State of Tennessee, which provided, following his plea of guilty, that he was to be sentenced as a Range III offender to a fifty-year sentence. Rule 11(e)(1)(C), Tenn. R. Crim. P., specifically allows the parties to "[a]gree that a specific sentence is the appropriate disposition of the case." That is exactly what occurred here. The possible range of punishment for second degree murder, to which the defendant entered a plea of guilty, was fifteen to sixty years. Tenn. Code Ann. § § 39-13-210, 40-35-112. The fifty-year sentence imposed upon the defendant following his plea of guilty was within this range and, therefore, was not illegal. Finally, the defendant's claim must fail because our laws do not permit a defendant who has entered a plea of guilty to the charges against him to return to court years later because the State of Tennessee allegedly did not comply with certain statutory requirements prior to the guilty plea:

> The sentence imposed was clearly within statutory limits fixed for the offense of murder in the second degree. In our opinion any question as to the classification of appellant as a Range II

4

offender or as to his release eligibility was waived by the guilty plea. It was not a constitutional error in and of itself and at most rendered the sentence subject to attack on direct review by appeal. Appellant waived any right of appeal in the guilty plea proceedings, and expressly agreed to be sentenced with the classification and parole eligibility imposed. These were the only terms which the District Attorney General would even consider and, in our opinion, the resulting sentence was clearly lenient and in the best interest of appellant.

State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987).

This holding was reaffirmed in Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997), wherein the court stated that "[w]e reiterate today that a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." Thus, we apply the holdings in Mahler and Hicks to hold that, by his plea of guilty, the defendant waived any claims which he may have had with regard to the failure of the State of Tennessee to provide timely notice he was considered to be a Range III offender.

## CONCLUSION

Based upon the authorities and reasoning set out herein, we affirm the order of the trial court denying the defendant's motion for correction or reduction of his sentence.

_____
ALAN E. GLENN, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
NORMA M. OGLE, JUDGE