IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs at Jackson, October 1, 2002

## STATE OF TENNESSEE v. NICOLE BEAUDION a/k/a NIKKI NAPIER

**Appeal from the Criminal Court for Davidson County**
**No. 2000-B-806    Cheryl Blackburn, Judge**

_____

**No. M2001-01560-CCA-R3-CD - Filed December 13, 2002**

_____

The defendant, Nicole Beaudion, also known as Nikki Jo Napier, appeals pursuant to Tennessee Rule of Criminal Procedure 35(b).  After pleading guilty to facilitation of especially aggravated robbery, a Class B felony, and agreeing to accept a fifteen-year sentence to be served in the Department of Correction with a 30 percent release eligibility date, the defendant filed a timely Rule 35(b) motion to reduce her sentence to ten years.  The trial court denied this motion, and the propriety of this action is now challenged on appeal.

### Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

Kirk Vandivort, Charlotte, Tennessee, for the Appellant, Nicole Beaudion a/k/a Nikki Napier.

Paul G. Summers, Attorney General & Reporter; Braden H. Boucek, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Grady A. Moore, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The defendant and her co-defendants were charged with first-degree murder, especially aggravated robbery, and several counts of aggravated robbery in connection with activities that took place at a Harding Road Waffle House on July 16, 1999.  The defendant and the state entered into a plea agreement.  The defendant, otherwise a Range I offender, agreed to plead guilty to facilitation of especially aggravated robbery and to accept an "out-of-range" sentence of fifteen years, which is within Range II.  She would serve this sentence as a Range I, standard offender for purposes of release eligibility.  The state agreed to dismiss the remaining charges against the defendant.  On February 1, 2001, the trial court accepted the plea and imposed the agreed-upon conviction and sentence.

On or about April 11, 2001, the defendant, *pro se*, filed a Tennessee Rule of Criminal Procedure 35(b) motion to reduce the sentence. In the motion, the defendant alleged that a female co-defendant, whose culpability and actions in committing the conviction offense were similar to the defendant's, received a Range I sentence of ten years. The defendant alleged that the prosecutor told her that the two women would receive the same sentence. After the prosecutor changed his mind, her attorney, she alleged in her motion, "used her youth and inexperience to have her accept a plea that was unjust and unfair to the [defendant]."

The defendant further stated in her Rule 35(b) motion that she and the co-defendant had remained in the back seat of the vehicle when their companions entered the Waffle House. She and the female co-defendant were unaware of the impending robbery and shooting. She alleged that her plea was coerced by her attorney. She stated she was 20 years of age at the time of the crime and had been confined in jail for two years prior to the submission of the plea. She stated that she has concerns about the custody and welfare of her six-year-old son. She requested the trial court to reduce her sentence to ten years.

On May 31, 2001, the trial court entered an order denying the motion. The court explained that, because the defendant moved for a sentence reduction after she was sentenced pursuant to a plea and sentencing agreement, she was required to demonstrate that her agreed sentence was unjust or unfair because of unforeseen post-sentencing developments. The court found no unforeseen developments. It found that her concerns about her son "reasonably predate her decision to enter her plea." Accordingly, the court held that no reduction in the sentence was warranted.

In the present case, the defendant entered into a plea agreement pursuant to Tennessee Rule of Criminal Procedure 11(e)(1)(C), which provides:

> (e) Plea Agreement Procedure.
>
> (1) In General. The district attorney general and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the district attorney general will do any of the following:
>
> . . .
>
> (C) agree that a specific sentence is the appropriate disposition of the case.

After the plea was approved and the defendant was sentenced, she moved to reduce the sentence pursuant to Tennessee Rule of Criminal Procedure 35(b), which provides:

> (b) Reduction of Sentence. The trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions shall toll the running of this time limitation. A motion for reduction of sentence under this rule may be denied by the trial judge without a hearing. If the application is denied, the defendant may appeal but the defendant shall not be entitled to release on bond unless the defendant is already under bond. If the sentence is modified, the state may appeal as otherwise provided by law. A modification can only be as to any sentence the court could have originally imposed.

Appellate review of Rule 35(b) rulings is governed by the abuse of discretion standard. *State v. Irick*, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993).

In denying the motion, the trial court relied upon *State v. McDonald*, 893 S.W.2d 945 (Tenn. Crim. App. 1994). In *McDonald*, this court stated that "'the scope of Rule 35(b) is limited in those cases in which the defendant has pleaded guilty by agreement with the state, in exchange for a specific sentence.'" *Id.* at 947 (citation omitted). The *McDonald* court noted that an "alteration of a defendant's sentence is generally prohibited if it violates the plea agreement entered into under Rule 11(e)(1)(C)." *Id.*; *see* Tenn. R. Crim. P. 11(e)(1)(C). However, the *McDonald* court declined to hold that a defendant who pleaded guilty pursuant to Rule 11(e)(1)(C) thereby *waived* a proceeding pursuant to Rule 35(b). *McDonald*, 893 S.W.2d at 947. "For example," the court said, "a situation may arise where unforeseen, post-sentencing developments would permit modification of a sentence in the interest of justice." *Id.*; *see also State v. Frank Tate*, No. W1999-01068-CCA-R3-CD (Tenn. Crim. App., Jackson, June 20, 2000).

The *McDonald* strictures on utilizing Rule 35(b) apply in the present case; the defendant was sentenced pursuant to a Rule 11(e)(1)(C) plea agreement. After reviewing the defendant's Rule 35(b) motion and the trial court's May 31, 2001 order, we find no abuse of discretion; we discern no post-sentencing developments that should be addressed in the interest of justice. We are aware that the defendant alleged that her plea was coerced, but we are also aware that she could have – and perhaps has – addressed an involuntary plea via a petition for post-conviction relief. *See* Tenn. Code Ann. § 40-30-201 through 222 (1997); *see generally, e.g., Powers v. State*, 942 S.W.2d 551 (Tenn. Crim. App. 1996).

We hold there was no abuse of discretion in denying the defendant's Rule 35(b) motion, and we affirm the lower court's action.

_____
JAMES CURWOOD WITT, JR., JUDGE