STATE of Tennessee, Appellee,

v.

**Gregory R. McDONALD, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

July 14, 1994.

Gregory D. Smith, Clarksville, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Eugene J. Honea, Asst. Atty. Gen., Criminal Justice Div., Nashville, W. Michael McCown, Dist. Atty. Gen., Gary M. Jones and Robert Crigler, Asst. Dist. Attys. Gen., Shelbyville, for appellee.

## OPINION

SUMMERS, Judge.

On February 4, 1993, appellant, Gregory R. McDonald, pled guilty to one count of aggravated burglary and one count of burglary. Pursuant to the plea agreement, he was sentenced to eight years on both counts as a Range II, multiple offender. The sentences were to be served concurrently. On the same day, appellant entered a guilty plea to two additional counts of burglary. As part of the agreement, appellant was sentenced to eight years on both counts as a Range II, multiple offender with the sentences to be served concurrently with each other, but consecutive to the sentences from the previous guilty plea. On April 22, 1993, appellant filed a *pro se* motion pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure requesting that the trial court reduce his sentence. The court denied the motion and from this denial, appellant now appeals.

Rule 35 of the Tennessee Rules of Criminal Procedure provides as follows:

(b) **Reduction of Sentence.**—The trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions shall toll the running of this time limitation. A motion for reduction of sentence under this rule may be denied by the trial judge without a hearing. If the application is denied, the defendant may appeal but the defendant shall not be entitled to release on bond unless the defendant is already under bond. If the sentence is modified, the state may appeal as otherwise provided by law. A modification can only be as to any sentence the court could have originally imposed.

Appellant properly filed his motion for reduction of sentence within the 120–day period provided under the rule. His petition requested only that his sentences be set concurrently rather than consecutively. It appears the trial court initially considered an evidentiary hearing in this case; however, when the court discovered that appellant's sentences originated from negotiated plea agreements, the following transpired:

> THE COURT: It is the policy of the Court not to consider Rule 35 motions to reduce sentences that I didn't set. If it is a sentence that you agreed to then the Court will not disturb the agreement which you made with them unless there is some bases [sic] for the Court to take it up.
>
> Now, why should I change an agreement that you made with the State?
>
> APPELLANT: I don't feel that the state presented everything as they should have with reference to the deals that were made in order that I enter a guilty plea.
>
> \*   \*   \*   \*   \*   \*
>
> THE COURT: Well, the court doesn't find there to be a sufficient bases [sic] for the Court to consider a Rule 35 motion and the Court elects to respectfully dismiss the motion without an evidentiary hearing.

■ Appellant does not contest the fact that the trial court may deny a motion under Rule 35 without an evidentiary hearing. Rather, appellant disputes the trial court's policy of not considering Rule 35 motions in cases where a defendant pleaded guilty with agreement by the state for a specific sentence. Tenn.R.Crim.P. 11(e)(1)(C). The state contends that if a defendant has agreed to a specific sentence and has made representations in his guilty plea petition asking the court to accept his plea, then he has waived his statutory right to file a motion under Rule 35.

■ Rule 35(b) allows modification of a sentence where an alteration may be proper in the interest of justice. *State v. Hodges*, 815 S.W.2d 151, 154 (Tenn.1991). This rule applies whether or not the conviction has been on a guilty plea. In *Hodges*, our Supreme Court stated, "[t]here is absolutely no connection between the plea bargaining procedures prescribed in Tenn.R.Crim.P. 11 and the correction or reduction of sentence provisions of Tenn.R.Crim.P. 35." *Id.* Furthermore, "it makes little or no difference whether the plea agreement was reached ... under the auspices of Rule 11(e)(1)(A), (B) or (C) as far as the application of Rule 35(b) is concerned." *Id.* at 155.

■ Recently, in the case of *State v. Grady Hargrove*, Nos. 01S01–9203–CC–00035; 01S01–9203–CC–00036; 03S01–9203–CC–00026, 1993 WL 300759 (Tenn., Nashville, Aug. 9, 1993), our Supreme Court retreated from its language in *Hodges*. The Court in *Hargrove* drew a distinction between the type of plea agreement entered into and the application of Rule 35(b). Specifically, the Court found that "the scope of Rule 35(b) is limited in those cases in which the defendant has pleaded guilty by agreement with the state, in exchange for a specific sentence." Slip op. at 2, 1993 WL 300759 at \*2. While *Hargrove* does not expressly provide the limits of Rule 35(b), it strongly suggests that an alteration of a defendant's sentence is generally prohibited if it violates the plea agreement entered into under Rule 11(e)(1)(C). This appears to hold true even if the sentence in question was "erroneous under the code provisions in effect at the time of the offenses." Slip op. at 1, 1993 WL 300759 at \*1.

Although the Court in *Hargrove* limited the scope of Rule 35(b), we do not find that this limitation results in the waiver of Rule 35(b) motions in cases where a defendant pleads guilty pursuant to Rule 11(e)(1)(C). For example, a situation may arise where unforeseen, post-sentencing developments would permit modification of a sentence in the interest of justice.[1]

We believe that the trial court's dismissal of the appellant's Rule 35(b) motion complies

---

1. We note that such a rule was called for by Justice Daughtrey in her dissenting opinion in

with our Supreme Court's decision in *Hargrove*. Upon learning that the appellant had received a specific sentence in exchange for pleading guilty, the court asked why it should disturb the plea bargain agreement. Appellant's response failed to show that post-sentencing information or developments had arisen to warrant a reduction of his sentence in the interest of justice. As such, the court was correct in determining that no basis existed for considering the appellant's Rule 35(b) motion.

The trial court's judgment of dismissal is affirmed.

SCOTT, P.J., and TIPTON, J., concur.

---

*Hodges* in which she argued that "Rule 35(b) permits a ... court to reduce a [Rule 11(e)(1)(C)] sentence ... only in those exceptional cases where the sentence is plainly unjust or unfair in light of the information the ... court received after sentencing the defendant." *Hodges*, 815 S.W.2d at 159 (Daughtrey, J., dissenting) (quoting *United States v. Selmer*, 883 F.2d 832, 834–35 (9th Cir.1989)).