IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 16, 2004

## STATE OF TENNESSEE v. DERRELL BENDER

**Appeal from the Criminal Court for Davidson County**
**No. 2002-D-2429     Steve Dozier, Judge**

---

### No. M2004-01175-CCA-R3-CO - Filed February 8, 2005

---

The Appellant, Derrell Bender, appeals the Davidson County Criminal Court's denial of his "Motion for Reduction or Modification of Sentence" filed pursuant to Tenn. R. Crim. P. 35(b).  Bender pled guilty to voluntary manslaughter and received an agreed-upon sentence of ten years as a Range III career offender.  In his motion, Bender requested that the trial court impose a sentence within the sentence range of a Range I standard offender.  The trial court denied the motion, finding that Bender was "not an appropriate candidate for a suspended sentence."  Bender seeks review pursuant to a "Petition for Common Law Writ of Certiorari."  Because the trial court's order fails to address Bender's request for sentencing as a Range I offender, we reverse and remand to the trial court for reconsideration of the Rule 35 motion.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed and Remanded**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Derrell Bender, *Pro Se*, Tiptonville, Tennessee.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Seth P. Kestner, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

#### Procedural History

On December 10, 2002, a Davidson County grand jury returned a two-count indictment charging the Appellant with first degree murder and unlawful possession of a weapon.  On December 12, 2003, as part of a negotiated plea agreement, the Appellant pled guilty to voluntary manslaughter,

a class C felony, and was sentenced to ten years as a career offender. As part of the agreement, the Appellant accepted a sentence which was outside his sentencing range.

In March 2004, the Appellant filed the instant *pro se* "Motion for Reduction or Modification of Sentence" pursuant to Tenn. R. Crim. P. 35(b). In the motion, the Appellant asserted that, while he pled guilty as a career offender, he does not qualify for that range as he only has one prior felony conviction. Accordingly, "in the interest of justice," he requested that the trial court reduce his sentence to reflect a standard offender range. On March 31, 2004, the trial court, by order, denied the motion. The Appellant subsequently appealed by filing a "Petition for Writ of Certiorari from Denial of Reduction of Sentence."

**Analysis**

On appeal, the Appellant argues that his sentence should be reduced to conform to his status as a Range I offender, asserting that it was error for the trial court to accept the plea which resulted in a sentence outside the appropriate range.

Modification of a sentence may be granted under Rule 35(b), Tennessee Rules of Criminal Procedure, if the trial court finds "in the interest of justice," that the sentence must be reduced. *State v. Hodges*, 815 S.W.2d 151, 154 (Tenn. 1991). Rule 35 provides in relevant part that the "trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed. . . ." Tenn. R. Crim. P. 35(b). In this case, review of the record indicates that the Appellant's Rule 35 motion requesting modification was timely filed with the trial court.

The Appellant acknowledges that his guilty plea was entered pursuant to Rule 11(e)(1)(C), Tennessee Rules of Criminal Procedure, and that he agreed to accept a sentence outside his range. Further, he acknowledges that under *State v. McDonald*, 893 S.W.2d 945 (Tenn. Crim. App. 1994), when a trial court accepts a Rule 11(e)(1)(C) plea, the agreed upon sentence is generally not modifiable absent unusual circumstances, such as unforeseen post-sentencing developments. *Id.* at 948. However, the Appellant asserts that the "departure from the sentencing guidelines of the 1989 Act" by sentencing him outside his sentencing range warrants reduction. Accordingly, in his motion, he requested that "the Court modify petitioner's sentence to reflect the punishment as stipulated in T.C.A. § 40-35-112 (a) (3), NOT LESS THAN THREE (3) NOR MORE THAN SIX (6)" and that "the Court declare Petitioner eligible for probation pursuant to T.C.A. § 40-35-303, upon said modification of sentence." Tennessee Code Annotated section 40-35-303 simply provides that a defendant is *eligible* for probation if the resulting sentence is less than eight years.

The trial court's order denying the motion recites that "[t]he defendant is asking the court to modify his current sentence and place the defendant on a form of supervised release for the remainder of her [sic] sentence." Based upon this misreading, the trial court ruled that the Appellant "is not an appropriate candidate for a suspended sentence at this time." As evidenced by the Appellant's Rule 35 motion, he is not asking for a suspended sentence but rather a sentence of three to six years which would make him statutorily eligible for probation. Because the trial court's order

fails to address the Appellant's request for a Range I sentencing, we remand for reconsideration of the motion.

## CONCLUSION

Based upon the foregoing, the case is reversed and remanded to the Davidson County Criminal Court for reconsideration of the Appellant's Rule 35 "Motion for Reduction or Modification of Sentence" in accordance with this opinion.

                                           _____

DAVID G. HAYES, JUDGE