IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville June 24, 2008

## STATE OF TENNESSEE v. THOMAS JEFFERSON TEAGUE, JR.

**Appeal from the Criminal Court for Davidson County**
**No. 2006-C-2353     Seth Norman, Judge**

---

**No. M2007-01646-CCA-R3-CD - Filed August 19, 2008**

---

A Davidson County Criminal Court grand jury indicted the defendant, Thomas Jefferson Teague, Jr., on one count of possession of a handgun by a convicted felon and one count of possession of drug paraphernalia. The trial court accepted a plea agreement in which the defendant agreed to plead guilty to only felony possession of a weapon in exchange for a Range I sentence of two years' confinement in a regional workhouse. Subsequently, the defendant filed a motion seeking placement in a community corrections program. Adopting the State's view that the incarcerative sentence was embraced in a binding plea agreement and was not subject to modification, the trial court denied the motion, and the defendant appealed. Although the trial court applied an incorrect legal standard in denying relief, we affirm its order because the record demonstrated no factual basis for relief.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Jeremy Gourley, Nashville, Tennessee, for the appellant, Thomas Jefferson Teague, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Renee Erb, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Pursuant to the plea agreement, the trial court, on November 2, 2006, entered a judgment sentencing the defendant as a Range I offender to two years in confinement in a facility described in the conviction judgment as "C.C.A." and which has been described by the defendant in the trial court record as a regional workhouse. *See* T.C.A. § 41-1-602 (2006). The drug paraphernalia charge was dismissed.

On April 13, 2007, the defendant filed a motion seeking placement in a community corrections program.[1] In his motion, the defendant sought to suspend "his incarceration" and alleged that he was incarcerated when the motion was filed, during which time he completed a treatment program called "LifeLines." Although in the hearing on the motion to modify the sentence, the defendant did not pointedly testify that he was in the custody of a regional workhouse, when asked, "What other classes have you completed while you been [sic] out there?" the defendant replied, "Parent training and got my driver's license certificate, defensive driving, and aftercare." We therefore infer from the various references the defendant made to his incarceration that, at the time of the motion filing, and in any event at the time of the hearing, the defendant was in the custody of "C.C.A." which, again, is described by the defendant in the record as a regional workhouse.

On April 20, 2007, the trial court conducted a hearing on the motion. The State opposed the relief upon the grounds that the plea-arranged sentence was binding. The State characterized the plea as one subject to Tennessee Rule of Criminal Procedure 11(c)(1)(C). After hearing testimony directed to the factual aptness of the defendant's entering a community corrections program, the trial court ordered the preparation of a transcript of the plea submission hearing and adjourned the motion hearing until April 27, 2007. On that date, the court announced that a transcript of the plea submission hearing had been prepared. According to the assistant district attorney general who represented the State on April 27, the plea agreement provided that the defendant would "receive a sentence of two years at 30 percent to serve, concurrent with another sentence he is serving."[2] The trial court took the matter under advisement.

On June 19, 2007, the trial court entered an order in which it found that the defendant's plea was submitted pursuant to Tennessee Rule of Criminal Procedure 11(c)(1)(C) and held that, accordingly, the defendant was bound by the terms of the agreed-upon sentence. The defendant filed a timely notice of appeal pursuant to Tennessee Rules of Appellate Procedure 3 and 4.

On appeal, the defendant claims that his guilty plea was submitted pursuant to Tennessee Rule of Criminal Procedure 11(c)(1)(B) and, in any event, was controlled by Tennessee Code Annotated section 41-1-605, with the result that the sentence was subject to modification as requested in the defendant's motion.

*I. Justiciability*

The first step in our consideration of the case is to determine the legal basis for the motion to modify the sentence. In his trial court memorandum filed in support of his motion, the defendant stated that he was not proceeding pursuant to Tennessee Rule of Criminal Procedure 35 but rather was invoking Tennessee Code Annotated section 41-1-605 as the underpinning for his motion.

---

[1] We infer that, at the time of filing and the hearing on the motion, the defendant was incarcerated in the "C.C.A." facility in Nashville.

[2] The transcript of the plea submission hearing is not in the appellate record.

Rule 35 provides in pertinent part:

> (a) Timing of Motion.  The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked.  No extensions shall be allowed on the time limitation.  No other actions toll the running of this time limitation.
>
> (b) Limits of Sentence Modification.  The court may reduce a sentence only to one the court could have originally imposed.

Tenn. R. Crim. P. 35(a), (b).  Tennessee Code Annotated section 41-1-605 provides:

> (a) Confinement in a regional workhouse shall be considered a sentence to the department; provided, that the court shall retain full jurisdiction over the defendant during the term of the sentence and may modify or reduce the sentence or may place the defendant on probation supervision where otherwise eligible.
> (b) Following the first application, applications to alter the manner of the service of the sentence may be made at no less than three (3) month intervals.

T.C.A. § 41-1-605 (2006).  In the present case record, the defendant characterizes his placement in "C.C.A." as a placement in a regional workhouse.  Indeed, he couched his motion in terms of Code section 41-1-605 and stated in his trial court memorandum of law that "C.C.A. is a regional workhouse and qualifies under [section] 41-1-605 . . . due to its location and function in Davidson County, Tennessee."  The case was argued before the trial judge based upon the defendant's premise that "C.C.A." was a "regional" workhouse, and no one took exception to that characterization.  In the trial court's order denying relief, it referred to "C.C.A." as merely "a local facility in Davison County"; however, the court utilized the language of Code section 41-1-605 in resolving the case.  We conclude that the trial court in the present case treated the "C.C.A." facility located in Davidson County as a regional workhouse.  Because such appears as a fact in the record before us, we adjudicate the case based upon the premise that Code section 41-1-605 is the proper provision for the defendant's claim to sentence modification.

To be sure, the defendant was barred by time from proceeding pursuant to Rule 35.  His April 13, 2007 motion to modify was filed more than 150 days after his sentencing judgment had been entered on November 2, 2006.  Nevertheless, the defendant had the option of seeking a modification of the manner of service of his sentence independently of Rule 35 and its time constraints.  The Advisory Commission's comments to Rule 35 illustrate that the procedure authorized by the rule is collateral to statutory sentence-modification provisions.  *See* Tenn. R. Crim. P. 35, Advisory Comm'n Comments; *see also*, *e.g.*, T.C.A. § 40-35-212(c), (d) (2006) (providing the sentencing court with continuing jurisdiction over a defendant's manner of serving his or her

sentence, unless the defendant is sentenced to the Department of Correction, and that, in the latter event, the court retains jurisdiction of the manner of service of the sentence until the defendant is "actually transferred to the physical custody of the department"); *id.*, Sentencing Comm'n Comments (stating that section 40-35-212(d)'s authorization of post-sentencing modifications is in addition to the modification procedure implemented by Rule 35); *id.* § 40-35-319(b) (recognizing the separate modification bases offered by Code section 40-35-212(d) and Rule 35); *id.* § 40-35-314(c) (specifically providing that, when a defendant is sentenced to a local jail or workhouse, the sentencing court "retain[s] full jurisdiction over the defendant *during the term* of the sentence and may reduce or modify the sentence or may place the defendant on probation supervision where otherwise eligible") (emphasis added); *see also generally State v. Ruiz*, 204 S.W.3d 772, 776-79 (Tenn. 2006) (discussing the function of Rule 35 as being independent of other sentence-modification statutes, particularly Tennessee Code Annotated section 40-35-306(c), which authorizes the sentencing court to modify a sentence of split confinement). *But see State v. Elvin Williams*, No. M2006-00287-CCA-R3-CO, slip op. at 2-3 (Tenn. Crim. App., Nashville, Feb. 22, 2007) (holding that trial court lost jurisdiction to "hear the defendant's Rule 35 motion" filed after he had been transferred to the physical custody of the Department of Correction); *State v. Kenneth Ray White*, No. M2002-00125-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Nashville, Sept. 11, 2002) (acknowledging for purposes of approving the use of Rule 35 that "[a]lthough at the time [the Rule 35 motion was filed] the Appellant was sentenced to the Department of Correction, the trial court retained sentencing jurisdiction as the Appellant was housed in the local jail awaiting transfer to the . . . Department of Correction").

Thus, despite not being mentioned in the comments to Rule 35, Code section 41-1-605 is obviously one such statute that provides a modification of a sentence apart from the rigors of Rule 35. Section 41-1-605, which specifically addresses sentences to regional workhouses, says that although the regional-workhouse sentence is deemed a placement in the Department of Correction, the trial court "retain[s] full jurisdiction over the defendant *during the term of the sentence* and may modify or reduce the sentence or may place the defendant on probation supervision where otherwise eligible." T.C.A. § 41-1-605(a) (emphasis added). The statute then authorizes successive applications to modify the manner of service of a sentence by providing that, following the first application for modification, the defendant may file successive applications "at no less than three (3) month intervals." *Id.* The language of section 41-1-605 is strikingly similar to that of section 40-35-314(c), which provides for the trial court's jurisdiction over sentencing placements in local jails or workhouses.[3] Based upon the similarity of the two statutes' provisions, we must conclude that, via section 41-1-605, the legislature intended to equate the sentencing-modification possibilities of defendants placed in regional workhouses with those placed in local jails or workhouses.

---

[3]Governing sentences to local jails or workhouses, Tennessee Code Annotated section 40-35-314(c) provides: "The court shall retain full jurisdiction over the defendant during the term of the sentence and may reduce or modify the sentence or may place the defendant on probation supervision where otherwise eligible. Following the first application, applications to reduce or to alter the manner of the service of the sentence may be made at no less than two (2) month intervals." T.C.A. § 40-35-314(c).

Next, we know that in *State v. Malcolm Colllins Lewis*, No. M2007-00610-CCA-R3-CD (Tenn. Crim. App., Nashville, Apr. 29, 2008), this court took pains to articulate that Lewis' application for modification of his workhouse sentence was not filed pursuant to Rule 35 but was properly filed pursuant to Code section 40-35-314(c). *Id.*, slip op. at 4-5.[4]  The plain upshot of this articulation in *Malcolm Collins Lewis* is that a defendant serving a section 40-35-314(c) sentence is not limited or relegated to a Rule 35 motion for purposes of seeking modification of the manner of his or her sentence.  Because we have determined that the effect of section 41-1-605 is to equate the modification of a regional-workhouse placement with that of a local-jail or -workhouse placement, the present defendant enjoyed the same opportunity for modification as would a defendant confined in a local jail or workhouse.

In our view, the result is that the defendant was availed the auspices of section 41-1-605 despite that he filed his motion more than 120 days from the entry of his judgment and that he may have been in the custody of a regional workhouse when he sought the sentence modification.  On this latter point, we realize neither *Malcolm Collins Lewis* nor any other case we have found says that a defendant may seek sentence modification after his or her transfer into the physical custody of a regional workhouse, a placement that Code section 41-1-605 itself deems a placement in the Department of Correction.  *See* T.C.A. § 40-35-303(e) (2006) (indicating that probation must be granted, if at all, at the time of sentencing, "except for sentences served in a local jail or workhouse, or except during the time a defendant is being housed in a local jail or workhouse awaiting transfer to the department as provided in § 40-35-212(d)").  Section 41-1-605, however, like section 40-35-314(c), contemplates that a defendant may move for sentence modification "during the term of the sentence," *see* T.C.A. § 41-1-605(a), and, as we have noted above, it provides for the possibility of successive filings, *id.* § 41-1-605(b).  In short, these provisions indicate that the modification of a regional-workhouse sentence is on the same footing as a local-jail or -workhouse sentence, and a defendant's actual custody in a regional workhouse does not preclude a section 41-1-605 motion to modify.[5]

Thus, the trial court had jurisdiction to determine the defendant's section 41-1-605

---

[4] Both Lewis and the defendant in the present case were sentenced in the Davidson County Criminal Court to terms in "C.C.A.," an acronym that signifies Corrections Corporation of America, which "privately manages a local penal facility for Davidson County."  *See id.*, slip op. at 2 n. 1.  Apparently on the basis of the assumption that the "C.C.A." facility was a local workhouse, the court in *Malcolm Collins Lewis* determined that Lewis' proceeding was properly brought via Code section 40-35-314(c).  As an aside, we note that the Corrections Corporation of America, on its internet website, lists only one facility in Davidson County, Tennessee, that being the Metro-Davidson County Detention Facility located at 5115 Harding Place, Nashville.  *See* Corrections Corporation of America, Facilities Listing, available at http://www.correctionscorp.com/facilities/?state=Tn (last visited July 18, 2008).

[5] We acknowledge that a local-jail or -workhouse prisoner may file succeeding applications for sentence modification no more often than every two months and that a prisoner in a regional workhouse may file succeeding applications no more often than every three months.  Also, for our purposes, we disregard the difference in language of the two statutory provisions whereby section 40-35-314(c) authorizes multiple filings "to reduce or to alter the manner of the service" of the sentence and section 41-1-605(b) merely authorizes such filings "to alter the manner of the service."  We note that, in its jurisdiction-retention statement, subsection (a) of section 41-1-605 includes both the verbs "modify" and "reduce."

claim for modification, and the case comes to the appellate court via Tennessee Rules of Appellate Procedure 3 and 4. Because the motion was not – and did not have to be – channeled through Tennessee Rule of Criminal Procedure 35, the rightful appeal provision of Rule 35 was not applicable. *See* Tenn. R. Crim. P. 35(d). Tennessee Rule of Appellate Procedure 3(b), however, extends to a defendant a right to appeal from "an order denying . . . probation." Tenn. R. App. P. 3(b).

## *II. Adjudication of Merits*

Having at long last attained this plateau, we now address the defendant's substantive claim that the trial court erred in determining that he was bound by his plea agreement to serve his two-year sentence in confinement. The first step in resolving the issue is to review the specific alternatives available to defendants who wish to plead guilty. Tennessee Rule of Criminal Procedure 11(c)(1) provides:

> In General. The district attorney general and the defendant's attorney, or the defendant when acting pro se, may discuss and reach a plea agreement. The court shall not participate in these discussions. If the defendant pleads guilty or nolo contendere to a charged offense or a lesser or related offense, the plea agreement may specify that the district attorney general will:
>
> (A) move for dismissal of other charges;
> (B) recommend, or agree not to oppose the defendant's request for, a particular sentence, with the understanding that such recommendation or request is not binding on the court; or
> (C) agree that a specific sentence is the appropriate disposition of the case.

Tenn. R. Crim. P. 11(c)(1).

The defendant claims that his plea agreement fell under Rule 11(c)(1)(B); the State claims that it fell under Rule 11(c)(1)(C). According to the issues joined by the parties in the trial court, the determination of the proper rubric informs the analysis whether the trial court could subsequently modify an incarcerative sentence by placing the defendant on probation. In the alternative, the defendant posits that, even if he submitted a "(C)" plea, modification is still available via Code section 41-1-605. The State relies upon *State v. Grady Hargrove*, No. 01S01-9203-CC-00035 (Tenn., Aug. 9, 1993), and *State v. Ernesto Gonsales*, No. E2002-02687-CCA-R3-CD (Tenn. Crim. App., Knoxville, Nov. 14, 2003), for the proposition that the defendant was bound to the confinement terms of his "(C)" plea agreement.

First, we address our standard of review. The trial court has discretion to grant or deny relief in a section 41-1-605 proceeding, and we review the trial court's ruling for abuse of discretion. *See Ruiz*, 204 S.W.3d at 777-78 (holding that an abuse of discretion standard applies to the review

of a Code section 40-35-306(c) proceeding to modify a sentence of split confinement, based upon court's analogy to same standard of review of proceedings brought via Tennessee Rule of Criminal Procedure 35).

In *Grady Hargrove*, our supreme court determined that modification of "(C)" sentences pursuant to Rule 35 was inappropriate based upon the defendants' having agreed in a plea-bargaining process to their sentences of confinement. *Grady Hargrove*, slip op. at 6-7; *see State v. McDonald*, 893 S.W.2d 945, 947-48 (Tenn. Crim. App. 1994) (commenting that *Grady Hargrove* "strongly suggests that an alteration of a defendant's sentence is generally prohibited if it violates the plea agreement entered into under Rule 11[c](1)(C)").[6]

In *Ernesto Gonsales*, this court stated:

> [T]he agreement, which called for a specific sentence, was entered into pursuant to Rule 11[c](1)(C). Thus, the trial court had no authority to modify the defendant's sentence unless it was required in the "interest of justice," such as a situation involving "unforseen post-sentencing developments." *See McDonald*, 893 S.W.2d at 947. Because the trial court was aware of the [Immigration and Naturalization Service] hold [on the defendant] prior to accepting the plea and sentencing the defendant to a six-year term, there were no unusual or unforeseen circumstances taken into consideration by the order of modification. Had the trial court found the terms of the [plea] agreement unacceptable, it had the authority to reject the [plea] proposal. Under these circumstances, however, the original sentence of six years must be reinstated.

*Ernesto Gonsales*, slip op. at 7.

In *Ruiz*, our supreme court, in reviewing a Code section 40-35-306(c) proceeding to fully suspend a sentence of split confinement, reiterated the principles of *McDonald* in defining the lines of discretion along which a trial court must travel. The court applied the same standard "as that applied to a [Rule 35] motion . . . : whether post-sentencing information or developments have arisen that warrant an alteration in the interest of justice." *Ruiz*, 204 S.W.3d at 778. Additionally, in *Malcolm Collins Lewis*, this court said that a defendant who submitted a "(C)" guilty plea does not waive a claim for modification pursuant to Code section 40-35-314(c), but such a defendant "may only be successful on a [section 40-35-314(c) petition] when there have been 'unforeseen, post-sentencing facts' as described in *McDonald* that make altering the sentence in the interest of justice." *Malcolm Collins Lewis*, slip op. at 6. Thus, the *McDonald* rule for modifying a sentence based upon unforeseen, post-judgment facts that implicate sentence modification in the interest of justice has been

---

[6]At the time of the decisions in *Grady Hargrove* and *Ernesto Gonsales*, the provisions of Tennessee Rule of Criminal Procedure 11(c)(1) appeared in subsection (e)(1).

extended beyond Rule 35 proceedings to two statutory proceedings to modify. We see no reason why the rule would not also extend, by analogy similar to that employed in *Ruiz* and *Malcolm Collins Lewis*, to proceedings brought via Code section 41-1-605, and we hold that the *McDonald* rule does apply to proceedings under this statute as well.

In the present case, we conclude that, based upon the limited record before us, the plea agreement was submitted and approved pursuant to Tennessee Rule of Criminal Procedure 11(c)(1)(C). Although the cases above cited essentially conclude that a defendant does not "waive" the options for sentence modification by participating in a "(C)" plea agreement, the trial court disposed of the present motion for modification by determining that the defendant was bound as a matter of law by his agreed-upon sentence of confinement. Despite that too-narrow basis for denying the petition, however, we need not remand the case to the trial court because, in the motion hearing, the defendant presented evidence designed to show that he merited release. The evidence showed his compliance with institutional requirements and his accomplishments in completing rehabilitative and educational programs while incarcerated. We point out, however, that "a defendant's compliance is not, in and of itself, a sufficient development to require that he . . . be placed on probation earlier than initially ordered." *Ruiz*, 204 S.W.3d at 778. We acknowledge that the testimony also revealed certain familial facts – the needs of his two children and of his parents who were "getting older"; however these facts basically existed at the time of sentencing. Thus, the evidence presented at the hearing pointed to no unforeseen, post-sentencing facts.

In the end, therefore, we hold that although the trial court abused its discretion in applying an absolute legal standard to deny relief, the error was harmless because it did not affect the result in the case. *See* Tenn. R. App. P. 36(b).

### III. Conclusion

Our conclusion is that the order of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE