# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 21, 2009

## STATE OF TENNESSEE v. ANTHONY T. DEAN

**Appeal from the Criminal Court for Sumner County**
**Nos. 133-2008 and 863-2007     Dee David Gay, Judge**

---

**No. M2008-02409-CCA-R3-PC**

---

The Defendant, Anthony T. Dean, appeals from an order of the trial court denying his motion for reduction of sentence. Following our review of the record, we conclude that the trial court did not err by denying the motion. We affirm the order of the trial court in accordance with Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in accordance with Rule 20, Tenn. Ct. Crim. App. R.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Anthony T. Dean, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; Lawrence R. Whitley, District Attorney General; and William Lamberth, II, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The record on appeal reflects that on May 8, 2008, the Defendant pleaded guilty to and was convicted of aggravated assault, a Class C felony, and failure to appear, a Class E felony. He also pleaded guilty to and was convicted of the following Class A misdemeanors: possession of a schedule IV drug, possession of drug paraphernalia, and four counts of driving on a revoked license (fourth offense).

Pursuant to his negotiated plea agreement, the Defendant was sentenced as a Range I, standard offender to four years in the Department of Correction for his aggravated assault conviction and two years in the Department of Correction for his failure to appear conviction. In accordance with his plea agreement, these two sentences were ordered to be served consecutively. Also in accordance with the plea agreement, he received a sentence of eleven months and twenty-nine days for each misdemeanor conviction to be served concurrently with his felony convictions. As part of the plea agreement, additional charges against the Defendant were dismissed.

On September 5, 2008, the Defendant filed a motion for reduction of his sentences. See Tenn. R. Crim. P. 35. In his motion, the Defendant asserted that there were certain circumstances existing at the time of his guilty plea which were not "properly presented" to the trial court: that the Defendant had a G.E.D. dipolma; that prior to the incident giving rise to the sentence, the Defendant and the victim had lived as husband and wife for over ten years; that prior to sentencing, the Defendant and the victim had reconciled their differences; that the Defendant had two children and had been a good provider for his family; and that the Defendant was an active member of a church. In the motion, the Defendant also asserted that he had a "reasonable excuse" for failing to appear, that his aggravated assault conviction "would more likely fit" as a Class D felony, and that consecutive sentences were not mandatory for his convictions.

As post-sentencing facts, the Defendant asserted that had accepted Christ and had been baptized, had completed several Bible studies, had completed an alcohol-drug program, was enrolled in an anger management class, and was paying on his court costs and fines from the pay he received from his prison job.

The trial court denied the Defendant's motion without a hearing. See Tenn. R. Crim. P. 35(c). In its order denying the reduction of the Defendant's sentences, the trial court entered findings as follows:

> The Court finds that the Defendant entered a knowing and voluntary guilty plea, which was the result of the Defendant's agreement with the District Attorney's office for the resolution of all charges against him. The Defendant offers no information for the Court's consideration that was not available at the time of the Defendant's voluntary plea other than the progress made since such plea and during the Defendant's subsequent incarceration. While the Court is pleased that the Defendant has made positive changes since his incarceration, those changes have no bearing on the circumstances involving his voluntary guilty plea.

Modification of a sentence is only appropriate in the interests of justice, and the Court finds that there is no basis to modify the Defendant's sentence, and that his Motion is not well-taken and should be **DENIED**.

It is from the order of the trial court denying the Defendant's motion for reduction of sentence that the Defendant appeals.

**Analysis**

The advisory commission comments to Rule 35 of the Tennessee Rules of Criminal Procedure state that the intent of the rule is "to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice." This Court has noted that relief under Rule 35 will be limited when the sentence was imposed in accordance with a negotiated plea agreement. State v. McDonald, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994). Our review of a trial court's ruling under Rule 35 of the Tennessee Rules of Criminal Procedure is governed by the "abuse of discretion" standard. State v. Irick, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993).

There is nothing contained in the record on appeal which demonstrates that the trial court abused its discretion when it denied the motion to reduce the Defendant's sentences. The record does not contain a transcript of the guilty plea proceedings or facts considered by the trial court at the time it accepted the Defendant's guilty plea and approved the negotiated plea agreement. Accordingly, we cannot conclude that the trial court abused its discretion when it denied the motion.

**Conclusion**

The order appealed from was entered in a proceeding before the trial judge without a jury. Such order is not a determination of guilt, and the evidence does not preponderate against the findings of the trial judge. No error of law requiring a reversal of the order is apparent on the record. In accordance with Rule 20 of the Rules of the Court of Criminal Appeals, we affirm the judgment of the trial court by memorandum opinion, rather than by formal opinion.

_____
DAVID H. WELLES, JUDGE