IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 23, 2010

## STATE OF TENNESSEE v. DANIEL HENDERSON JONES

**Appeal from the Criminal Court for Sullivan County**
**Nos. S52,468; S53,126; and S53,127     Robert H. Montgomery, Jr., Judge**

_____

**No. E2009-00182-CCA-R3-CD - Filed July 16, 2010**

_____

The Defendant, Daniel Henderson Jones, appeals as of right from the Sullivan County Criminal Court's denial of his motions to withdraw guilty pleas and for reduction of sentences following his negotiated guilty pleas in case number S52,468 to one count of aggravated assault, a Class C felony; in case number S53,126 to one count of possession of .5 grams of cocaine for sale, a Class B felony; one count of possession of drug paraphernalia, a Class A misdemeanor; one count of maintaining a dwelling where drugs are sold or used, a Class D felony; and in case number S53,127 to possession of cocaine for sale, a Class C felony. He received a total effective sentence of twenty years as a Range I, standard offender. On appeal, the Defendant argues that the trial court erred in denying his motions and that his sentences were imposed absent the trial court making required findings relative to enhancement and mitigating factors. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Daniel Henderson Jones, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; H. Greeley Welles, Jr., District Attorney General; and Kent Chitwood, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record reflects that the Sullivan County grand jury charged the Defendant by presentment or indictment in three separate cases as follows:

| | |
|---|---|
| Case Number S52,468 | Aggravated Rape |
| Case Number S53,126 (count one) | Possession of .5 grams or more of Cocaine for Sale or Delivery |
| Case Number S53,126 (count two) | Possession of Drug Paraphernalia |
| Case Number S53,126 (count four) | Maintaining a Dwelling where Drugs are Used or Sold |
| Case Number S53,127 | Possession of .5 grams of Cocaine for Sale or Delivery |

On October 13, 2008, the Defendant entered guilty pleas to all counts as charged in the instruments, except he entered a guilty plea to aggravated assault in exchange for a dismissal of the aggravated rape charge in case number S52,468. The trial court entered judgments reflecting the following agreed sentences:

| | | |
|---|---|---|
| Case Number S52,468 | Aggravated Assault | 4 years |
| Case Number S53,126 | Possession of .5 grams of Cocaine for Sale | 12 years |
| | Possession of Drug Paraphernalia | Eleven months and twenty-nine days |
| | Maintaining a Dwelling Where Drugs are Sold or Used | 2 years |
| Case Number S53,127 | Possession of Cocaine for Sale | 4 years |

Also pursuant to the plea agreement, the sentences in case number S53,126 were ordered to be served concurrently with one another but consecutively to the other cases, which were also ordered to be served consecutively, resulting in a total effective sentence of twenty years.

On December 10, 2008, the Defendant filed a pro se motion for modification or reduction of his sentences, see Tenn. R. Crim. P. 35, alleging that the sentences were imposed without appropriate findings concerning mitigating and enhancement factors and that the sentences should not have been imposed consecutively. On December 22, 2008, the Defendant filed a pro se motion to withdraw his guilty pleas in case numbers S52,468; S53,124; S53,126; and S53,127. See Tenn. R. Crim. P. 32(f). On January 8, 2009, the trial court summarily dismissed the motions as they related to case number S53,124 because that case involved a conviction following a jury trial in which the motion for new trial was still pending. On January 29, 2009, the trial court denied the motion to withdraw guilty pleas related to the remaining cases because it was untimely filed. However, the trial court granted the Defendant a hearing on his motion for reduction of sentence related to case numbers S52,468; S53,126; and S53,127.

Following two separate appointments of counsel, the Defendant ultimately waived representation and elected to proceed pro se at the Rule 35 motion hearing. At the hearing held on August 14, 2009, the Defendant presented no proof but relied upon his pro se pleadings. On November 12, 2009, the trial court denied the Rule 35 motion by written order finding that the Defendant had failed to present any proof upon which to base a modification or reduction of sentence. This timely appeal followed.

On appeal, the Defendant argues that the trial court erred in denying his motions for withdrawal of his guilty pleas and reduction of sentence. The crux of his argument is that the trial court failed to make appropriate findings to justify the imposition of sentences beyond the statutory minimum and that he should not have received consecutive sentences from his guilty pleas. The State responds that the Defendant cannot challenge agreed to sentences arising from a knowing and voluntary guilty plea through a Rule 35 motion and that the motion to withdraw his guilty pleas was untimely filed; therefore, the trial court correctly denied both motions. Following our review, we agree with the State and affirm the orders of the trial court.

*Analysis*

As an initial matter, the pro se Defendant does not make any argument regarding the timeliness of the filing of his motion to withdraw his guilty pleas. Instead, he makes various vague allegations in his brief that he understood he was to receive a mitigated sentence and that the trial court failed to undergo the proper colloquy during his guilty plea hearing as a basis for his contention that he should be allowed to withdraw his pleas. We note that the transcript of the guilty plea hearing is absent from the record. Furthermore, the guilty plea acceptance form belies the Defendant's claim that he was to receive any "mitigated" sentence because it clearly outlines the length of the agreed sentences as well as the range of

punishment as ultimately reflected in the judgments. Nevertheless, a motion for withdrawal of a guilty plea must be filed before a judgment becomes final. Tenn. R. Crim. P. 32(f)(2). Thus, the Defendant should have filed his motion no later than November 17, 2009, in order to afford jurisdiction for the trial court's consideration of the motion.[1] Therefore, the trial court properly denied the motion to withdraw because it was untimely.

Concerning the motion for reduction or modification of sentences, Rule 35(a) of the Tennessee Rules of Criminal Procedure provides that a defendant may petition the trial court for a reduction of sentence within one hundred and twenty days of the entry of judgment or the revocation of probation. Rule 35 allows for the modification of a sentence when appropriate in the interest of justice. State v. Hodges, 815 S.W.2d 151, 154 (Tenn. 1991). When a defendant seeks to modify a sentence entered pursuant to a guilty plea, a motion should be granted when post-sentencing developments arise that should be addressed in the interest of justice. State v. McDonald, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994). Alternatively, a motion for reduction of sentence may be dismissed summarily without a hearing if no developments have arisen requiring redress by the sentencing court. Tenn. R. Crim. P. 35(c). Our standard of review on appeal is whether the trial court abused its discretion in denying a defendant's motion for reduction of sentence. State v. Irick, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993), perm. app. denied (Tenn. 1995).

The Defendant sought reduction of his sentences based upon his allegation that the trial court did not make appropriate findings to impose sentences beyond the statutory minimum and that the trial court did not have the authority to order consecutive sentences. However, the sentences were imposed pursuant to a plea agreement, and, based upon the record before this court, all elements of the sentencing decision were agreed to by the parties and not open to consideration by the trial court. As previously stated, a motion to reduce sentence should be granted when, in the interest of justice, post-sentencing facts arise warranting a reconsideration of a defendant's sentence. McDonald, 893 S.W.2d at 947. It is apparent from this record that no new developments have occurred in the Defendant's case. For these reasons, we conclude that the trial court did not abuse its discretion in denying the Defendant's motion for reduction of sentence. Accordingly, the orders of the

---

[1] We note that the record reflects some confusion in the entry dates of the judgments. Case numbers S52,468; S53,127; and counts one and four of S53,126 all reflect entry dates of October 17, 2008. However, the judgment for count two of case number S53,126 was not entered until January 12, 2009. In consideration of this discrepancy in filing dates, the motion to withdraw the guilty plea in count two, the only misdemeanor case, was not untimely. However, the sentence in this count was ordered to be served concurrently with the felony sentences. Accordingly, even assuming the trial court had granted relief concerning this count, the relief would have had no effect upon the actual sentence to be served.

trial court denying the Defendant's motions to withdraw his guilty pleas and to reduce his sentences are affirmed.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE