# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 13, 2010

## STATE OF TENNESSEE v. HUGO MENDEZ

**Direct Appeal from the Criminal Court for Shelby County**
**No. 06-09506    Lee V. Coffee, Judge**

---

**No. W2009-02108-CCA-R3-CD  - Filed July 19, 2010**

---

Pursuant to a negotiated plea agreement, the defendant, Hugo Mendez, pled guilty in 2007, to vehicular homicide by intoxication, a Class B felony, and to leaving the scene of an accident causing death, a Class E felony.  The agreement provided for sentences of eight years and one year for the respective convictions, to be served concurrently in the Department of Correction.  Nonetheless, the record indicates that the defendant remained incarcerated in the Shelby County Jail.  Approximately two years later, the defendant filed a *pro se* petition requesting that he be allowed to serve the balance of the sentence on probation.  The trial court issued an order summarily denying the petition without conducting a hearing.  On appeal, the defendant contends that the court abused its discretion in denying his request for probation and also challenges findings which he alleges were set forth in the order. Following review of the record before us, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Hugo Mendez, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; William L. Gibbons, District Attorney General; and Lauren Fowler, Assistant District Attorney General, for the appellee, Hugo Mendez.

## OPINION

### Procedural History

The defendant has provided this court with an extremely sparse record to review.  The

entire record before us consists only of a technical record. From that, we glean that the defendant, pursuant to a negotiated plea agreement, pled guilty in November 2007, to one count of vehicular homicide by intoxication and one count of leaving the scene of an accident causing death. The only underlying facts supporting the convictions are found in the presentence report, which was included in the technical record. The report indicates that the defendant was "driving at a very high rate of speed" and, while weaving in and out of traffic, collided with the victim's vehicle. The defendant fled the scene but was soon captured by officers. At the time, he had "a very strong odor of alcohol" about him.

The plea agreement indicates that the defendant agreed to accept sentences of eight years for the homicide conviction and one year for the leaving the scene of the accident conviction. The agreement goes on to provide that the sentences were to be served concurrently in the Department of Correction. Judgments of conviction to this effect were entered on November 16, 2007. However, we are able to glean from the record that the defendant remained incarcerated at the Shelby County Jail at the time the petition was filed.

In September 2009, the defendant, acting *pro se*, filed a "Petition to Suspend the Remainder of Sentence," asking that the court place him on supervised probation for the balance of his effective eight-year sentence. In support of his argument, he referenced his completion of a drug and alcohol course, completion of an anger management course, attendance of Alcoholics Anonymous meetings, and several letters of support which he indicated were filed in the court. The trial court summarily entered an order denying the petition, indicating that it had considered "the files, records, transcripts and/or correspondence relating to the judgement(s)." In the order, the trial court also referenced the fact that a lengthy sentencing hearing was conducted in 2007, after which the court denied alternative sentencing. The court specifically incorporated those findings in the order denying the defendant's petition. The court acknowledged the defendant's completion of counseling programs and the additional letters submitted on the defendant's behalf. However, the court stated that the defendant was expected to comply with the terms of his sentence and that the court had considered similar letters in 2007, prior to imposing a sentence of incarceration.

The defendant now timely appeals the trial court's denial of the petition to suspend his sentence.

**Analysis**

On appeal, the defendant asserts that "the trial court abused its discretion in denying . . . probation[,] finding that the petition is not well taken and without merit." He additionally argues "that the trial court abused its discretion and erred in holding [in the order]" that: (1)

the defendant had a prior criminal record; (2) the defendant has a long history of criminal conduct; (3) measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant; and (4) "the only post-sentencing circumstances offered by the [defendant] was that he was abiding by all the terms of his confinement."

The State, relying upon Tennessee Rule of Appellate Procedure 24(b), argues that the defendant has waived review of the issue based upon his failure to provide this court with an adequate record for review. We agree that the defendant has failed to provide this court with a complete record, namely a transcript of the 2007 sentencing hearing and letters which were submitted to the court with his petition, and, further, that it is the duty of the appealing party to provide a record which conveys a fair, accurate, and complete account of what transpired with regard to the issues forming the basis of the appeal. *See* Tenn. R. App. P. 24(b). We also acknowledge that "[i]n the absence of an adequate record on appeal, we must presume that the trial court's ruling was supported by the evidence." *State v. Bibbs*, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991). As such, the trial court's ruling in this case could be presumed correct.

However, in this case, we conclude that the record is sufficient to provide for review because the defendant's argument in his petition, even if accepted as true, is not a meritorious one. Normally, a defendant may only file a petition such as this one for one hundred-twenty days after the judgment becomes final. Tenn. R. Crim. P. 35(a). However, because the defendant in this case remained incarcerated in a local jail, Tennessee Code Annotated section 40-35-314 is the controlling statute, and it provides that these defendants may petition for alteration of their sentence beyond the one hundred-twenty-day time limit. T.C.A. § 40-35-314 (2006); *see also State v. Malcolm Collins Lewis*, No. 2008 WL 1891438, M2007-00610-CCA-R3-CD (Tenn. Crim. App. at Nashville, Apr. 29, 2008).

However, the *Lewis* court was clear that if a defendant was seeking to modify an *agreed sentence* such as the one in the instant case, relief could only be obtained under limited circumstances. The court set out that the standard to be applied by the trial court in these circumstances was the same standard as that applied to Tennessee Rule of Criminal Procedure 35 sentence reduction petitions, as set out in *State v. McDonald*, 893 S.W.2d 945 (Tenn. Crim. App. 1994). *Malcolm Collins Lewis*, No. 2008 WL 1891438, M2007-00610-CCA-R3-CD. In *McDonald*, it was noted that only "unforeseen, post-sentencing developments would permit modification of a sentence in the interest of justice." 893 S.W.2d at 947. The court further noted that "[R]ule 35(b) permits a . . . court to reduce a [Rule 11(e)(1)(c)] sentence . . . only in those exceptional cases where the sentence is plainly unjust or unfair in light of the information the . . . court receives after sentencing the defendant." *Id*. Additionally, the Advisory Commission Comment to this rule provides that "[w]hile the judge may grant a hearing and modify the sentence, there is no requirement that

a hearing even be held in the discretion of the court." Tenn. R. Crim. P. 35, Advisory Comm'n Cmts.

In this case, the only assertions made by the defendant as to unforeseen post-sentencing developments are his completion of drug counseling, compliance with his jail sentence, and additional letters provided by community and family members. We are unable to conclude that these are the types of "unforeseen developments" which would serve as a basis for sentence modification. As noted by the trial court, the defendant is expected to rehabilitate himself while incarcerated; thus, his completion of programs cannot be termed "unforeseen." Additionally, although we have not been given the opportunity to review these letters based upon the defendant's failure to include them in the record, we fail to see how letters of recommendation would serve as a basis for sentencing modification. This is especially true when, as in this case, the trial court specifically noted that many similar letters were presented at the original sentencing hearing.

Finally, the defendant also asserts that the trial court abused its discretion in making certain findings in its order of denial. Specifically, he contends that the trial court erred in finding that he had a prior criminal history and a long history of criminal conduct, and that measures less restrictive than confinement had frequently or recently been unsuccessfully applied. We are unable to conclude that the trial court ever made these findings in the order which is before us. A reading of the trial court's order, as cited by the defendant, indicates that the only reference to these facts was contained in the section of the order reciting the sentencing factors which the court is required to consider in reaching its determination. In fact, each of the statements begins with "whether." We can glean nowhere in the order that the court actually made determinations that these factors were found to be applicable in this case.

The final finding the defendant contends was made by the trial court was that the "only post-sentencing circumstances offered by the [defendant] was that he was abiding by all the terms of his confinement." While the trial court did make the statement in the order, it is clear that the court considered all the evidence put forth in the petition. The court simply considered that the assertions of drug counseling, anger management, and additional letters only supported the conclusion that the defendant was, indeed, complying with the terms of his confinement. Thus, we find no merit to this contention.

## CONCLUSION

Based upon the foregoing, the denial of the petition is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE