# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### STATE OF TENNESSEE v. CHRISTOPHER LEE PETTIGREW

**Appeal from the Circuit Court for Hardeman County**
**No. 08010670   J. Weber McCraw, Judge**

---

**No. W2011-00716-CCA-R3-CD  - Filed October 14, 2011**

---

The Petitioner, Christopher Lee Pettigrew, appeals the Circuit Court of Hardeman County's denial of his motion to reduce his sentence.  The State has filed a motion requesting that this Court affirm the trial court's denial pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Christopher Lee Pettigrew, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

On August, 25, 2008, the Defendant, Christopher Lee Pettigrew, pled guilty to driving under the influence and evading arrest, a Class D felony.  The Defendant received an effective sentence of eight years to be served as a persistent offender at 45%.  His sentence was suspended after serving 270 days.

On January 15, 2010, the Defendant's probation officer filed a probation violation report, and a warrant was issued for the Defendant's arrest.  On January 24, 2011, the Defendant filed a pro se motion to modify his sentence alleging that he was improperly

sentenced under the Habitual Motor Vehicle Offender Act and that he should have been sentenced as a multiple offender and not a persistent offender. On February 14, 2011, the trial court entered an order revoking the Defendant's probation and ordering him to serve his sentence. On that same day, the trial court also entered an order denying the Defendant's motion to modify his sentence. On March 11, 2011, the Defendant filed a motion to reconsider the denial of his motion to modify his sentence. He again alleged that he was improperly sentenced as a persistent offender. The trial court denied the motion, and this appeal followed.

On appeal, the Appellant asserts that he did not have the requisite number of prior felony convictions to qualify as a persistent offender and that he should have been sentenced as a multiple offender. Rule 35(a) of the Tennessee Rules of Criminal Procedure provides that "[t]he trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions toll the running of this time limitation." The advisory commission comments to Rule 35 state that the intent of the rule is "to allow modification only in circumstances where an alteration of the sentence maybe proper in the interests of justice." Relief under Rule 35 will be limited when the sentence was imposed in accordance with a negotiated plea agreement. *State v. McDonald*, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994). Our standard of review on appeal is whether the trial court abused its discretion in denying a defendant's motion for reduction of a sentence. *State v. Irick*, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993).

The Defendant filed a motion seeking a reduction of his sentence more than 120 days after his sentence was imposed and before his probation as revoked. Therefore, his motion was untimely. *See* Tenn. R. Crim. P. 35(a). Moreover, there is nothing in the record on appeal demonstrating that the trial court abused its discretion when it denied the motion to reduce the Defendant's sentence. The plea agreement provided that in exchange for pleading guilty to the offenses, the State would recommend a sentence of eight years to be served as a persistent offender at 45% and to be suspended after 270 days. The record is unclear whether a separate sentencing hearing was held. The record does not include a transcript of the plea proceedings or facts considered by the trial court at the time it accepted the Defendant's guilty plea and imposed the sentence. Accordingly, we cannot conclude that the trial court abused its discretion when it denied the motion.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case

-2-

satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE