# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 5, 2014

## STATE OF TENNESSEE v. RUSSELL LEAKS

**Appeal from the Criminal Court for Shelby County**
**Nos. 11-00045, 12-02226, 12-02192    Bernie Weinman, Judge**

### No. W2013-01136-CCA-R3-CO  - Filed May 15, 2014

The defendant, Russell Leaks, pleaded guilty to theft of property over $1,000, burglary of a motor vehicle, and two counts of identity theft and received an effective sentence of twelve years in the Tennessee Department of Correction to be served as a career offender at 60%. The defendant later filed a petition requesting that the trial court suspend the remainder of his sentence and place him on community corrections. The trial court denied the petition, and the defendant appeals. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Russell Leaks, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter; Sophia S. Lee, Senior Counsel; Amy P. Weirich, District Attorney General; and Rachel Russell, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was charged in three separate indictments with two counts of identity theft, three counts of burglary of a motor vehicle, and one count of theft over $1,000. On October 8, 2012, the defendant pleaded guilty to two counts of identity theft, burglary of a motor vehicle, and theft over $1,000. Pursuant to the plea agreement, the defendant was sentenced to twelve years for each identity theft conviction, twelve years for theft over $1,000, and six years for burglary of a motor vehicle. The sentences ran concurrently to each

other for an effective sentence of twelve years to be served in the Tennessee Department of Correction as a career offender at 60%. The remaining charges were dismissed.

On January 25, 2013, a hearing was held during which Judge W. Otis Higgs, Jr. considered the defendant's request to be placed on community corrections. No proof was presented during the hearing. Rather, the trial court denied the defendant's request due to his extensive criminal record.

The defendant subsequently filed a "Motion to Reconsider Denial of Petition to Suspend Remainder of Sentence." According to the motion, Judge Higgs informed the defendant's counsel on January 28, 2013, that he would "reconsider" his ruling and hold a "full and fair hearing." Judge Higgs, however, passed away before a hearing was scheduled.

Judge Bernie Weinman held a hearing on the defendant's motion on March 8, 2013. During the hearing, the fifty-eight-year-old defendant testified that he had more than twenty felony convictions spanning a period of about thirty years. He said he began using drugs at the age of fourteen and was using them regularly by the age of nineteen or twenty. The drugs that the defendant used included cocaine, marijuana, and speed. The defendant maintained that his drug addiction continued for thirty-six or thirty-seven years and that each of his felony convictions was the result of his drug addiction.

The defendant believed that if he could remain "drug free," he also could remain "crime free." He testified that after he had been released from prison on previous occasions, he returned to his mother's house, which was located in a neighborhood where drugs were readily available. He then would begin using drugs again. The defendant believed he needed intense drug treatment and counseling. He said he had previously been in treatment for "a couple of months." However, he had never previously entered drug treatment directly after his release from prison. The defendant stated that upon his release from prison for the offenses for which he pleaded guilty, he planned to directly enter into a one-year intensive drug treatment program. He requested that the trial court give him "another chance."

On cross-examination, the defendant acknowledged that he had twenty-seven prior felony convictions and that he had been charged with felonies almost every year that he was not in prison. In response to questioning by the trial court, the defendant stated that when he was placed on eight years of probation in 2007, he informed the trial court that he was going to "straighten up."

At the conclusion of the hearing, the trial court denied the defendant's motion. This appeal followed.

## ANALYSIS

The defendant contends that the trial court erred in denying his motion to suspend his sentence. The State responds that the trial court lacked jurisdiction to address the defendant's motion more than thirty days after the judgment had become final.

The defendant requested that the trial court modify his sentence of incarceration to community corrections. Rule 35(a) of the Tennessee Rules of Criminal Procedure provides that a "trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked." The Advisory Commission Comment states that "[t]he intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice." The trial court may deny the motion for reduction of a sentence without a hearing. Tenn. R. Crim. P. 35(c). We review the denial of a Rule 35 motion under an abuse of discretion standard. See State v. Ruiz, 204 S.W.3d 772, 777 (Tenn. 2006). A trial court abuses its discretion when it applies an incorrect legal standard, or reaches a decision that is illogical or unreasonable and causes an injustice to the defendant. Id. at 778.

The defendant's initial motion requesting modification of his sentence is not included in the appellate record. However, the January 25, 2013 hearing addressing this initial motion was held within 120 days of the entry of the judgments on October 8, 2012. Therefore, we conclude that the defendant's request was timely and that the trial court had jurisdiction to rule upon the motion.

The defendant entered his guilty plea pursuant to Rule 11(c)(1)(C) of the Tennessee Rules of Criminal Procedure. See Tenn. R. Crim. P. 11(c)(1)(C) (providing that the State may "agree that a specific sentence is the appropriate disposition of the case" as part of the negotiated plea agreement). The State and the defendant agreed to a specific effective sentence of twelve years to be served in confinement in the Department of Correction, and the sentence was placed into effect by the trial court. Alteration of a negotiated plea agreement sentence is limited in scope. State v. McDonald, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994) (citing State v. Grady Hargrove, Nos. 01S01-9203-CC-00035, 01S01-9203-CC-00036, 03S01-9203-CR-00026, 1993 WL 300759, at *2 (Tenn. Aug. 9, 1993), reh'g denied (Tenn. Sept. 27, 1993)). In McDonald, this court recognized that "a situation may arise where unforeseen, post-sentencing developments would permit modification of a sentence in the interest of justice." Id. (footnote omitted).

The defendant sought to modify his sentence based upon his claim that he would seek intensive rehabilitation treatment if released. We conclude that this basis is not an "unforeseen, post-sentencing" development permitting modification of the defendant's

sentence in the interest of justice. The trial court did not abuse its discretion in denying the defendant's motion.

The defendant contends that the trial court failed to enter a written order that included findings of fact and conclusions of law supporting its decision to deny the defendant's motion at the conclusion of the March 8, 2013 hearing. The appellate record, however, includes an order from the trial court dated April 12, 2013, in which the court made factual findings and explained its basis for denying the defendant's motion. The defendant is not entitled to relief regarding this issue.

Finally, the defendant asserts that Judge Weinman failed to familiarize himself with the facts of the case before ruling on the motion. The record, however, demonstrates that Judge Weinman was familiar with the circumstances related to the convictions, the terms of the plea agreement, the defendant's extensive criminal history, and the previous failed attempt to impose sentences less restrictive than incarceration. The defendant is not entitled to relief regarding this issue.

## **CONCLUSION**

For the foregoing reasons, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE