# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 22, 2013

## STATE OF TENNESSEE v. NATHAN DANIEL PUCKETT

**Appeal from the Criminal Court for Sullivan County**
**No. S50,102      R. Jerry Beck, Judge**

---

**No. E2013-00643-CCA-R3-CD - Filed June 26, 2013**

---

The defendant, Nathan Daniel Puckett, appeals from the Sullivan County Criminal Court's denial of his motion to reduce his Range II, 35-year sentence for second degree murder. Because the record shows that the motion was untimely, we affirm the order of the criminal court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and CAMILLE R. MCMULLEN, J., joined.

Nathan Daniel Pucket, appellant, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Barry Staubus, District Attorney General; and Julie R. Carter, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In 2009, the defendant pleaded guilty to second degree murder and aggravated child abuse and received, respectively, consecutive sentences of 35 years and 25 years.

On February 27, 2013, the defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 35 to reduce his sentence for second degree murder on the grounds that the sentence is illegal. In the motion, the defendant claimed that the trial court illegally imposed a Range II sentence "when he had no prior convict[ion]s." He claimed that, because he was unaware that in pleading guilty he was accepting a sentence in an inapt range, the guilty plea was unknowing and involuntary. In his motion to proceed as a pauper filed with the Rule 35 motion, the defendant asked the trial court to treat his Rule 35 motion as a

petition for writ of habeas corpus, "if necessary."

Tennessee Rule of Criminal Procedure 35 provides that "[t]he trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked." Tenn. R. Crim. P. 35(a). "The court may reduce a sentence only to one the court could have originally imposed." Tenn. R. Crim. P. 35(b). The trial court may deny Rule 35 relief without conducting a hearing. Tenn. R. Crim. P. 35(c). Relative to the 120-day filing requirement, "[n]o extensions shall be allowed on the time limitation. No other actions toll the running of this time limitation." Tenn. R. Crim. P. 35(a).

The right to appeal the trial court's denial of Rule 35 relief is promulgated in Rule 35 itself. *See* Tenn. R. Crim. P. 35(d) ("The defendant may appeal the denial of a motion for reduction of sentence but shall not be entitled to release on bond unless already under bond. If the court modifies the sentence, the state may appeal as otherwise provided by law."). The standard of review in a Rule 35 appeal is whether the trial court abused its discretion when acting upon the motion. *State v. Irick*, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993). "The intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice." Tenn. R. Crim. P. 35, Advisory Comm'n Comments; *see also State v. Hodges*, 815 S.W.2d 151, 154 (Tenn. 1991). As such, Rule 35 relief is generally inapt when the defendant has "failed to show that post-sentencing information or developments ha[ve] arisen to warrant a reduction of his sentence in the interest of justice." *State v. McDonald*, 893 S.W.2d 945, 948 (Tenn. Crim. App. 1994); *see State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006) (stating in dicta that the Rule 35 standard of review is "whether post-sentencing information or developments have arisen that warrant an alteration in the interest of justice").

We agree with the State that the terms of Rule 35(a) bar the defendant from relief pursuant to that rule. The defendant's sentence was imposed in 2009, and he filed his Rule 35 motion in 2013. The trial court did not err by denying relief based upon the untimeliness of the motion.

As mentioned above, however, the defendant claims on appeal that the trial court should have treated the motion as a petition for a writ of habeas corpus, which has no attendant statute of limitations. The procedures authorizing the use of the writ of habeas corpus are codified in Tennessee Code Annotated sections 29-21-101 through 29-21-130. The statutory procedures for seeking habeas corpus relief are mandatory and must be followed scrupulously. *Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). Accordingly, prior to considering a claimed entitlement to habeas corpus relief, a court is constrained to dismiss the motion or petition when it fails to follow mandatory statutory procedure. *David Cantrell v. Howard Carlton, Warden*, No. E2007-01926-CCA-R3-HC, slip op. at 4 (Tenn.

Crim. App., Knoxville, Jan. 5, 2009). Of chief importance, the requirements include the use of a verified petition. *See* T.C.A. § 29-21-107(a). A failure to provide a verified petition provides proper grounds for dismissal. *See Hickman*, 153 S.W.3d at 20-21. In the present case, among other deficiencies, the defendant's motion was not verified.

We have held that even a time-barred petition for post-conviction relief – otherwise in compliance with the rigors required of a petition pursuant to the Post-Conviction Procedure Act, *see* T.C.A. § 40-30-104 – does not meet the requirements for filing a habeas corpus petition and may be dismissed without treating the same as a petition for habeas corpus relief. *Terrance Dupree Woods v. State,* No. W2004-00443-CCA-R3-PC, slip op. at 2 (Tenn. Crim. App., Jackson, Mar. 18, 2005); *see also State v. Shawn Merritt*, No. W2011-00662-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Jackson, Oct. 13, 2011) (stating that "the petitioner would not benefit from this court's treating the petition as a petition for a writ of habeas corpus because the petition does not comply with the procedural requirements for seeking habeas corpus relief").

Accordingly, the order of the criminal court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE