IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 29, 2014

**STATE OF TENNESSEE v. DANA CRUMLEY**

**Appeal from the Circuit Court for Maury County**
**No. 16854     Stella L. Hargrove, Judge**

**No. M2013-02502-CCA-R3-CD - Filed October 30, 2014**

The Defendant, Dana Crumley, appeals the Maury County Circuit Court's order denying her motion for a reduced sentence. The Defendant contends that the trial court abused its discretion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROGER A. PAGE, JJ., joined.

H. Scott Saul, Nashville, Tennessee, for the appellant, Dana Crumley.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; T. Michel Bottoms, District Attorney General; and Brent Cooper, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 25, 2007, the Defendant pleaded guilty to possession of cocaine with the intent to sell, and the trial court sentenced her to eight years on probation. On February 20, 2013, a probation violation report was filed with the court, alleging the Defendant was arrested for shoplifting, failed to report her arrest to her probation officer, and failed to pay probation fees. A probation violation warrant was issued on the same day. Although the appellate record does not contain the revocation hearing transcript, the record reflects that on June 20, 2013, the court revoked the Defendant's probation and ordered her eight-year sentence into execution. The Defendant did not appeal the revocation of her probation. On October 7, 2013, the Defendant filed a motion pursuant to Tennessee Criminal Procedure Rule 35 requesting the court "suspend" her sentence. The motion hearing was held on October 14, 2013, and is the subject of the present appeal.

At the hearing, counsel asked the trial court to consider suspending the Defendant's sentence and returning her to probation because she had completed five and one-half years of probation without incident and had served 170 days since she was arrested for the violation. Counsel told the court that the Defendant had paid $1885.50 of her court costs, leaving a balance of $973. Counsel noted that the Defendant had also paid a "significant amount" toward her court costs and had made payments toward her probation fees. Counsel informed the court that the Defendant was accepted into the Next Door Treatment Program in Nashville, and he requested the court order her to enter and to complete the six-month program.

Upon questioning by the trial court, counsel told the court that although the Defendant was charged with felony theft after being placed on probation, she pleaded guilty to misdemeanor theft. The court noted that before the Defendant pleaded guilty in the present case to possession of cocaine with the intent to sell, she was also charged with a felony marijuana offense, which was dismissed pursuant to the plea agreement.

Upon questioning by the trial court, the Defendant stated that she was thirty-three years old and that the only felony she had been convicted of was possession of cocaine with the intent to sell in the present case. She thought she owed about $900 in court costs. She said that before she went into custody, she earned money babysitting her friends' children and performing lawn work. The Defendant was a single mother caring for her daughter at the time of her arrest for the probation violation. She said her daughter's father currently was caring for their daughter.

The trial court asked the Defendant why she wanted to attend the rehabilitation program and if the Defendant had an addiction. The Defendant thought the program would help her, but she denied having an addiction at the time of the motion hearing. After hearing the Defendant's response, the court denied her motion. This appeal followed.

The Defendant contends that the trial court erred by denying her Criminal Procedure Rule 35 motion requesting she be returned to probation. She concedes that service of some jail time was appropriate but argues she should have been permitted to return to probation. She also argues that she was a model probationer with no previous violations and that ordering her eight-year sentence into execution was excessive. The State responds that the trial court did not abuse its discretion. We agree with the State.

After finding that a defendant has violated the conditions of her probation and that revoking her probation is warranted, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years,

order confinement, or order the defendant's sentence into execution as originally entered. T.C.A. §§ 40-35-308(a), (c), -310 (2014).

Tennessee Criminal Procedure Rule 35(a) states, in relevant part, that "the trial court may reduce a sentence upon motion filed within 120 days after the date the . . . probation is revoked." The purpose of the rule is to permit "modification of a sentence where an alteration may be proper in the interest of justice." *State v. McDonald*, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994) (citing *State v. Hodges*, 815 S.W.2d 151, 154 (Tenn 1991)). A trial court's denial of a Rule 35 motion is reversed only for an abuse of discretion. *State v. Ruiz*, 204 S.W.3d 772, 777 (Tenn. 2006); *see State v. Irick*, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993). A trial court abuses its discretion when it has "applied an incorrect legal standard, or has reached a decision which is illogical or unreasonable and causes an injustice to the party complaining." *Ruiz*, 204 S.W.3d at 778.

The record reflects that while the Defendant was on probation, she was arrested for a theft-related offense and failed to report the arrest to her probation officer. The Defendant states in her brief that she conceded to the probation violation at the revocation hearing. After finding that the Defendant violated her probation, the trial court had the authority to revoke her probation and to order her original eight-year sentence into execution. *See* T.C.A. §§ 40-35-311(e)(1), 40-35-308(a), (c), 40-35-310.

Regarding the Defendant's Rule 35 motion, we conclude that the trial court did not abuse its discretion by denying relief. Although the Defendant notes her successful five-year service on probation and her payment of court costs and fees during her confinement as grounds for returning her to probation, she was always required to comply with the terms of her release and to pay court costs and fees. Although she was accepted into a rehabilitation program, the Defendant admitted she did not have an addiction, which made a rehabilitation program unnecessary. Based on the record before this court, the Defendant has failed to show that a change in circumstances warranted the trial court's returning her to probation. *See McDonald*, 893 S.W.2d at 948 (affirming the denial of a Rule 35 motion when the defendant "failed to show that post-sentencing information or developments had arisen to warrant a reduction of his sentence in the interest of justice").

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE