FILED

02/06/2017

Clerk of the
Appellate Courts



## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 14, 2016

## STATE OF TENNESSEE v. MISTY ANN MILLER

**Appeal from the Criminal Court for Davidson County**
**No. 2014-B-1812     Monte Watkins, Judge**

———————————————————

### No. M2016-01165-CCA-R3-CD

———————————————————

The defendant, Misty Ann Miller, appeals the trial court's denial of her Rule 35 motion to modify the sentences imposed against her pursuant to a negotiated plea deal. On appeal, the defendant argues the trial court abused its discretion in finding no new post-sentencing developments exist to justify a modification of her sentences. After our review, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Manuel B. Russ, Nashville, Tennessee, for the appellant, Misty Ann Miller.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Glenn Funk, District Attorney General; and Deborah Housel, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The defendant was indicted by a Davidson County Grand Jury for two counts of aggravated child neglect and four counts of attempted aggravated child neglect against five of her minor children. On October 9, 2015, the defendant pled guilty to three counts of attempted aggravated child neglect, Class B felonies. Pursuant to *Hicks v. State,* 945 S.W.2d 706 (Tenn. 1997) and as agreed upon in the plea deal, the defendant received a sentence of eighteen years in confinement as a standard offender with a release eligibility

date of 35% for each conviction.[1]  *Id* at 709.  The three sentences were to be served concurrently.

After entering her guilty plea, the defendant filed a *pro se* motion to modify her sentences pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure.  The defendant alleged she was entitled to a reduction of her sentences based on the numerous mental and physical conditions from which she suffered.  The defendant also stated she was remorseful.

Within the Rule 35 motion, the defendant also alleged ineffective assistance of counsel regarding her guilty plea.  Because the defendant was attempting to appeal her convictions, this Court dismissed the defendant's notice of appeal as waived pursuant to her guilty plea and advised the defendant to pursue her ineffective assistance of counsel claims under the Post-Conviction Procedure Act.  On remand from this Court, the trial court appointed counsel to represent the defendant on her Rule 35 motion.  The trial court then conducted an evidentiary hearing before ruling on the defendant's motion.

The defendant testified at the hearing regarding her mental and physical conditions and the alleged inadequate care she has received since being incarcerated.  The defendant stated her conditions require treatment outside of that available in the Tennessee Department of Correction.  The defendant explained she has suffered from bipolar disorder, depression, and post-traumatic stress disorder, among other conditions, since the deaths of her parents and sister fifteen years ago.  She also attributed her mental health conditions to years of sexual abuse, beginning at age six and occurring until age twenty-four.  The defendant stated she received bi-weekly therapy treatment and took medication for her mental conditions prior to being incarcerated.  The defendant further explained she suffered from fibromyalgia which she treated with medication prior to incarceration.  In support of her motion, the defendant stated she believes she would receive better treatment if she were not incarcerated.  The defendant also noted the Tennessee Department of Correction does not have the proper medication to treat her fibromyalgia.  Finally, the defendant admitted to long-term drug use, but claimed she has been sober since her incarceration.

On cross-examination, the defendant admitted the State was aware of her mental and physical conditions prior to entering her guilty plea.  In fact, the defendant stated her mental and physical conditions were taken into consideration in negotiating her plea deal.  The defendant admitted at the time of her arrest for the present convictions, she was taking cocaine and Lortab and was on probation for aggravated assault.  Finally, the

---

[1]The remaining counts of the original indictment were dismissed pursuant to the plea deal.

defendant stated the incident was "a terrible accident" and she is "not the same person [she] was before."

In ruling on the defendant's motion, the trial court considered her Rule 35 motion, the plea agreement, and the defendant's hearing testimony. The trial court denied the motion, stating:

> [The defendant] was charged with aggravated child neglect rather than aggravated child abuse, and there is, obviously a difference. She was facing a minimum of fifteen years at 70 percent, which is a minimum of 10.5 years in the penitentiary. She entered into an agreement to serve eighteen years at 35 percent, which is 6.3 years. She has been in custody for just under, well, actually precisely 23 months, just under two years. And she's looking at, if she serves out this sentence, just over four more years to serve.
>
> She has a history of, apparently a history of sexual abuse that began at age six, continued until age twenty-four, if all of the information provided is, in fact, true. But that doesn't provide an excuse for criminal behavior. The fact that one has been the object of abuse does not give license for one to commit some form of criminal act, whatever it may be. And, in her case, she has a history of various criminal offenses.
>
> The [c]ourt just doesn't believe that modifying this sentence would serve the interest of justice, considering what happened to her minor child. The [c]ourt really believes that she received a break in terms of the plea agreement and, as pointed out by the State, I think all of those matters were taken into consideration in offering the agreement that she reached.

After receiving the trial court's denial of her Rule 35 motion, the defendant filed this timely appeal.

**ANALYSIS**

On appeal, the defendant contends the trial court erred in denying her request to modify her sentences. In support of her motion, the defendant argues the medical treatment, "or lack thereof," she has received in the Tennessee Department of Correction constitutes "post-sentencing developments" which warrant an alteration of her sentences. Additionally, the defendant alleges the trial court denied her motion based on "the underlying facts of the case," rather than on the merits of her motion. The State contends

-3-

the defendant has "failed to establish unforeseen, post-sentencing developments that would entitle her to a reduced sentence." After our review, we agree with the State.

Rule 35 of the Tennessee Rules of Criminal Procedure provides a mechanism for defendants to seek a modification of the sentences imposed against them. The rule states that a "trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked." Tenn. R. Crim. P. 35(a). The court is limited to modify a sentence "only to one the court could have originally imposed." Tenn. R. Crim. P. 35(b). Appellate review of the trial court's denial of a Rule 35 motion is for abuse of discretion. Tenn. R. Crim. P. 35(d); *State v. Philip M. Patterson*, No. E2007-02788-CCA-R3-CD, 2010 WL 4540065, at *5 (Tenn. Crim. App. Nov. 10, 2010) *(citing State v. Ruiz,* 204 S.W.3d 772, 777 (Tenn. 2006)). An abuse of discretion exists "only when the trial court has applied an incorrect legal standard, or has reached a decision which is illogical or unreasonable and causes an injustice to the party complaining." *Ruiz,* 204 S.W.3d at 778 (citing *Howell v. State,* 185 S.W.3d 319, 337 (Tenn. 2006)).

Even after pleading guilty, a defendant can seek to modify an imposed sentence under Rule 35. *State v. McDonald*, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994). The rule, however, is intended "to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice." Tenn. R. Crim. P. 35, Advisory Commission Comments; *see State v. Hodges*, 815 S.W.2d 151, 154 (Tenn. 1991); *McDonald*, 893 S.W.2d at 947-48. Thus, the defendant must show that "unforeseen, post-sentencing developments" have emerged which "permit modification of [the] sentence in the interest of justice." *McDonald*, 893 S.W.2d. at 947.

On appeal, the defendant seeks a modification of her sentence based on medical issues known at the time of her guilty plea. However, this Court has previously held that health concerns present during plea negotiations and sentencing do not constitute a change in circumstances which would warrant modification of an agreed-upon sentence. *See State v. Robert C. Payne*, No. M2006-01662-CCA-R3-CD, 2007 WL 92355, at *1-2 (Tenn. Crim. App. Jan. 11, 2007) (denying modification of the defendant's sentence after finding "the alleged health and family concerns were present at the time of sentencing"); *see also State v. Herman Sowell*, No. M2008-02358-CCA-R3-CD, 2010 WL 987196, at *3-4 (Tenn. Crim. App. Mar. 17, 2010) (holding the defendant's wife's health concerns did not warrant a modification of the defendant's sentence).

Our review of the record shows the medical conditions and the related treatment issues underlying the defendant's appellate claims were known at the time of her guilty plea. Specifically, the record shows the defendant suffered from various mental and physical conditions when the offenses occurred and when she entered the plea. In her

brief, the defendant admits her "ill health was a factor known prior to the entry of her plea." Additionally, the defendant testified that her mental and physical conditions were taken into consideration and relied upon in negotiating the plea agreement. Accordingly, the defendant has failed to show a change in circumstances warranting a modification of her sentence. The defendant is not entitled to relief as to this issue.

Finally, the defendant alleges the trial court "failed to address the basis for granting a Rule 35 modification in its ruling and did not address any of the proof or argument" of the defendant. We, again, disagree. The trial court stated on the record that it reviewed the "petition as well as the plea agreement" prior to denying the defendant's motion. Further, the court outlined the testimony adduced at the Rule 35 hearing, including details of the plea agreement, the defendant's history of being sexually abused, and the defendant's criminal background. The court concluded "all of those matters were taken into consideration" in reaching the plea deal and thus no evidence of post-sentencing developments existed upon which to grant the defendant's motion. As a result, the defendant has failed to show the trial court applied an incorrect legal standard or reached an illogical or unreasonable conclusion in its denial of her Rule 35 motion. *Ruiz*, 204 S.W.3d at 778. Accordingly, no abuse of discretion exists and the defendant is not entitled to relief.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

_____
J. ROSS DYER, JUDGE