IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 7, 2017

## STATE OF TENNESSEE v. MICHAEL HARRIS

**Appeal from the Criminal Court for Shelby County**
**No. 16-03011        J. Robert Carter, Jr., Judge**

_____

### No. W2016-01964-CCA-R3-CD

_____

Defendant, Michael Harris, appeals from an order of the trial court denying his petition to suspend the remainder of his sentence. Following our review of the record, we conclude that the trial court did not err by denying the petition. We affirm the order of the trial court in accordance with Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, and J. ROSS DYER, JJ., joined.

Michael Harris, Memphis, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Eric Christenson, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On June 27, 2016, Defendant entered a plea of guilty to one count of possession with intent to sell 15 grams or more of heroin, a Class B felony. He also received an agreed eight-year sentence as a Range I offender to be served in the Shelby County Correctional Complex. On July 26, 2016, Defendant filed a petition to suspend the remainder of his sentence. In his petition, Defendant argued that he "appears to be precisely the type of offender the legislature intended to be sentenced pursuant to the alternative sentencing clause contained in the Tennessee Criminal Sentencing Reform Act of 1989." He also argues that his eight-year sentence exceeds "the [p]enalties mandated by statute even if the sentences were what the defendant bargained for in his

plea negotiations." On August 3, 2016, the trial court entered an order denying the petition.

**ANALYSIS**

Rule 35 of the Tennessee Rules of Criminal Procedure provides as follows:

(a) Timing of Motion. The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions toll the running of this time limitation.

(b) Limits of Sentence Modification. The court may reduce a sentence only to one the court could have originally imposed.

(c) Hearing Unnecessary. The trial court may deny a motion for reduction of sentence under this rule without a hearing.

Tenn. R. Crim. P. 35(a)-(c). The advisory commission comments to Rule 35 of the Tennessee Rules of Criminal Procedure state that the intent of the rule is "to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice." This Court has noted that relief under Rule 35 will be limited when the sentence was imposed in accordance with a negotiated plea agreement. *State v. McDonald*, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994). Our review of a trial court's ruling under Rule 35 of the Tennessee Rules of Criminal Procedure is governed by the "abuse of discretion" standard. *State v. Irick*, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993). A petition to suspend the balance of a sentence is "akin to a motion to reduce a sentence. *See* Tenn. R. Crim. P. 35(a) (2006) ('The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked.'). Both pleadings ask a trial court to reconsider the sentence it originally imposed in favor of increased leniency." *State v. Ruiz*, 204 S.W.3d 772, 777 (Tenn. 2006).

There is nothing in the record which demonstrates that the trial court abused its discretion when it denied the petition to suspend the remainder of Defendant's negotiated sentence. The record does not contain a transcript of the guilty plea proceedings or the facts considered by the trial court at the time the guilty plea agreement was approved and accepted. Defendant's argument that he is the type of offender the legislature intended to be sentenced pursuant to the alternative sentencing clause contained in the Tennessee Criminal Sentencing Reform Act of 1989 is not a circumstance where an alteration of the sentence may be proper in the interests of justice since Defendant's eight-year sentence is part of a negotiated plea agreement. *See State v. McDonald*, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994). As for Defendant's argument that his sentence "exceeded the

penalties mandated by the statute," we note that Defendant received the minimum sentence in the range. *See* T.C.A. § 40-35-111(b)(2)(the overall sentencing range for a Class B felony is "not less than eight (8) years nor more than thirty (30) years."). Accordingly we cannot conclude that the trial court abused its discretion when it denied the motion.

## CONCLUSION

The order appealed from was entered in a proceeding before the trial judge without a jury. Such order is not a determination of guilt, and the evidence does not preponderate against the findings of the trial judge. No error of law requiring a reversal of the order is apparent on the record. In accordance with Rule 20 of the Court of Criminal Appeals, we affirm the judgment of the trial court by memorandum opinion rather than by formal opinion.

_____
THOMAS T. WOODALL, PRESIDING JUDGE