IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 22, 2018

## STATE OF TENNESSEE v. BRYANT EUGENE PAGE, JR.

**Appeal from the Criminal Court for Knox County**
**No. 107822      G. Scott Green, Judge**

_____

### No. E2017-01344-CCA-R3-CD

_____

The Defendant, Bryant Eugene Page, Jr., pleaded guilty to aggravated assault, a Class C felony, as a Range III offender, with an agreed sentence of twelve years, but with a Range II release eligibility of 35% rather than a Range III release eligibility of 45%. More than a year later, the Defendant filed a motion to reduce his sentence, asking the trial court for a sentence of six years, at 35%, arguing that his sentence was not in range. The trial court summarily dismissed his motion. On appeal, the Defendant contends that the trial court erred when the trial court did not reduce his sentence because: (1) his motion was timely but the court clerk refused to file his motion; (2) his sentence is illegal because it is out of range. After review, we affirm the trial court's judgment.

### Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and THOMAS T. WOODALL, J., joined.

Bryant Eugene Page, Jr., Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Charme P. Allen, District Attorney General; TaKisha M. Fitzgerald, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION
### I. Facts

This case arises from the Defendant's assault of the victim, also the mother of his child, on August 21, 2015. For this offense, the State filed an information for aggravated assault, and the Defendant waived an indictment or presentment and agreed to proceed by information. The Defendant filed an affidavit that he was indigent, the trial court

appointed counsel, and the Defendant and the State reached a plea agreement.

At the guilty plea hearing, the trial court first noted that the parties agreed that, if the Defendant pleaded guilty, a gang enhancement would be dismissed. The trial court ensured that the Defendant understood that he was facing one felony charge, aggravated assault, a Class C felony, which had a sentencing range of between three and fifteen years. The trial court articulated that the Defendant, for purposes of this plea agreement, had been classified as a Range III, persistent offender, meaning his range of punishment was between ten and fifteen years, and that he had agreed to a sentence of twelve years. The trial court further ensured the Defendant understood that, while he was pleading as a Range III offender, the plea agreement contemplated that his release eligibility would be that of a Range II offender, meaning at 35% rather than the Range III release eligibility of 45%. The trial court also explained that the release eligibility did not mean that the Defendant was guaranteed release at that time, but rather that he was eligible for release at that time. The Defendant acknowledged understanding all of these facts. The Defendant said that he wanted to plead guilty in exchange for a sentence of twelve years, to be served at 35%.

The Defendant, twenty-six years old at the time of the hearing, said that he had a ninth or tenth grade education and could read and write without difficulty. He said he lived in Knoxville with his mother and that he had always resided with her. His work history was sporadic, but it included some employment at fast food restaurants, a car wash, and a tree service.

The trial court reviewed the Defendant's constitutional rights and the guilty plea documents. The Defendant waived his rights and stated he had reviewed and acknowledged understanding of all the associated guilty plea documents.

The State then articulated the facts that it would have presented had the case gone to trial, stating:

> [I]f called to trial in this matter we would call the witnesses listed on the information. The testimony would be that on August 21st, 2015, at . . . West Scott Avenue the victim . . . and the [D]efendant were present there. They [were]. . . in a domestic relationship and . . . they share a child together.
>
> The victim and the [D]efendant were arguing over the custody of the child. At which time the [D]efendant became irate, armed himself with a black handgun and fired rounds into the vehicle that the victim was occupying. The victim was not struck, but his actions placed the victim in

2

fear of death and [risk of] serious bodily injury.

When the officers arrived, officers did find a bullet hole in the hood of the car and the back left window was shot out. Officers did recover two []9 millimeter casings located at the scene.

The trial court informed the Defendant that, given those facts, he was subject to being indicted for a much greater offense than aggravated assault. The Defendant said he understood. The trial court accepted the Defendant's guilty plea to aggravated assault. The judgment of conviction is dated April 19, 2016.

On May 31, 2017, the Defendant filed a motion to reduce his sentence. He asked the trial court to reduce his sentence from twelve years to six years, at 35%. In support of his request, the Defendant submitted (and we quote precisely from his submission) the following:

At the time of sentencing the [D]efendant stated that he understood the agreement of the guilty plea. Even though he did not have knowledge, nor was he fully aware of the guilty plea. (Boykin vs. Alabama 395 U.S. 238, 242 (1969) Held that the record must show any guilty plea has made voluntarily and knowin[gly]. If it not voluntarily and knowingly it has been entered in violation of Due Process and is, therefore void.

The range for the [D]efendant[']s punishment was outside of the sentenceing [sic] range that the [D]efendant was suppose[d] to have fell under. If the [D]efendant would have known he was going to receive a sentence outside of his range he would have not accepted the plea and proceeded to take the case to trial.

Furthermore the [D]efendant agreed to the sentence of 12yrs. As a persistent offender @ 35%. Even though he lacked the criminal history to justify sentencing within this range. The [D]efendant[']s prior felony conviction consist[s] of 3 prior felony convictions. According to T.C.A. [§ 40-35-107(a) A persistent offender is a defendant who has received (1) Any combination of five (5) or more prior felony convictions within the conviction class or higher or within the next two (2) lower felony classes, where applicable.

The trial court summarily dismissed the Defendant's motion, finding that it had not been timely submitted. It is from this judgment that the Defendant now appeals.

3

## II. Analysis

On appeal, the Defendant contends that he timely submitted his motion to reduce his sentence but that the "trial court clerk refused to file sosaid [sic] motion within a timely manner." The Defendant expressed his belief that the clerk "intentionally withheld his timely filed" motion. The Defendant notes that the "certificate of service" that he filled out when he created the motion listed the date as July 2016. He further contends that he was coerced into entering a plea of guilty and was entitled to a reduction of his sentence. The State counters that the Defendant received a very favorable plea deal to a within range sentence, considering the facts of the case, and that he entered his plea agreement knowingly and voluntarily. It further contends that the Defendant's motion was not timely.

Tennessee Rule of Criminal Procedure 35, which governs the reduction of sentences, provides:

> (a) Timing of Motion. The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions toll the running of this time limitation.
>
> (b) Limits of Sentence Modification. The court may reduce a sentence only to one the court could have originally imposed.
>
> (c) Hearing Unnecessary. The trial court may deny a motion for reduction of sentence under this rule without a hearing.
>
> (d) Appeal. The defendant may appeal the denial of a motion for reduction of sentence but shall not be entitled to release on bond unless already under bond. If the court modifies the sentence, the state may appeal as otherwise provided by law.

Tenn. R. Crim. P. 35. The Advisory Commission Comment to Rule 35 states, "The intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice." In order to receive Rule 35 relief, a defendant must "show that post-sentencing information or developments ha[ve] arisen to warrant a reduction of his sentence in the interest of justice." *State v. McDonald*, 893 S.W.2d 945, 948 (Tenn. Crim. App. 1994).

The denial of a Rule 35 motion is reviewed under an abuse of discretion standard. *State v. Edenfield*, 299 S.W.3d 344, 346 (Tenn. Crim. App. 2009); *State v. Irick*, 861

4

S.W.2d 375, 376 (Tenn. Crim. App. 1993). A trial court abuses its discretion only when it "has applied an incorrect legal standard, or has reached a decision which is illogical or unreasonable and causes an injustice to the party complaining." *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006) (citing *Howell v. State*, 185 S.W.3d 319, 337 (Tenn. 2006)).

We agree with the trial court's determination that the Defendant's Rule 35 motion was untimely. The judgment of conviction in this case was entered April 19, 2016. The Defendant had 120 days, which ended sometime in July 2016 to file his motion to reduce sentence under Rule 35. The Defendant filed his motion on May 31, 2017. We find unpersuasive the Defendant's contention that the trial court clerk held his motion without properly filing it for ten months after his filing date. The Defendant's listing of "July 2016" on the certificate of service is clearly either an intentional or inadvertent clerical error. Accordingly, we conclude that the Defendant did not timely file his motion.

Further, as to his contention that he timely gave his motion to prison personnel to be mailed, Tennessee Rule of Criminal Procedure 49(d)(1) states, "If a paper required or permitted to be filed pursuant to the rules of criminal procedure is prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and is not received by the court clerk until after the deadline for filing, the filing is timely if the paper was delivered to the appropriate individual at the correctional facility within the time set for filing." Under this rule, a *pro se* inmate has the burden of showing that he delivered the filing to the appropriate individual at the correctional facility within the time set for filing. Tenn. R. Crim. P. 49(d)(1), (3). The Defendant has failed to satisfy his burden of showing that he delivered his motion to the appropriate individual at the correctional facility on or before July 2016.

Because we have concluded that the Rule 35 motion was untimely, our consideration of the Defendant's claim that his sentence is illegal and should be reduced is unnecessary. We, however, briefly note that his twelve-year sentence is within the range for a Class C felony. The record evinces that the Defendant knew that he was pleading guilty to a sentence two years greater than a Range II offender in exchange for a Range II release eligibility date of 35% rather than 45%. The record also evinces that the Defendant understood that, had he not pleaded guilty, the State would have sought an indictment for a greater offense rather than proceed on the information of aggravated assault. Further, the State declined to pursue a gang enhancer as part of the plea agreement. Finally, the Defendant's complaints relate to the trial court's imposition of an improper sentence at the sentencing hearing, and we have already noted that such claims do not constitute a basis for Rule 35 relief. *See McDonald*, 893 S.W.2d at 948 (stating that a defendant must "show that post-sentencing information or developments ha[ve] arisen to warrant a reduction of his sentence in the interest of justice"). In any case,

because the Defendant was sentenced to a within range sentence, his sentence is not illegal or unconstitutional. *See Bise*, 380 S.W.3d at 696-99. He is not entitled to relief.

## III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE