IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 24, 2018 at Knoxville

## STATE OF TENNESSEE v. JOHN EWING CLEMMONS

**Appeal from the Criminal Court for Davidson County**
**No. 2013-I-1315     Steve R. Dozier, Judge**

_____

**No. M2018-00274-CCA-R3-CD**

_____

The defendant, John Ewing Clemmons, appeals from the entry of an order denying his "Petition/Motion for Modification and/or Reduction of Sentence Pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure." In denying the defendant's motion, the trial court determined it no longer had jurisdiction over the defendant's sentence. Following our review of the record, we affirm the ruling of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

J. ROSS DYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT L. HOLLOWAY, JR., JJ., joined.

John Ewing Clemmons, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Glenn R. Funk, District Attorney General; and James W. Milam, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

In 2013, the defendant pled guilty to three counts of theft over $60,000, one count of aggravated perjury, and one count of TennCare Fraud for which he received an effective sentence of eighteen years' confinement to be served in the Tennessee Department of Correction. On January 10, 2018, the defendant filed a "Petition/Motion for Modification and/or Reduction of Sentence Pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure." On February 1, 2018, the trial court entered an order denying the petition finding it no longer had jurisdiction over the defendant's sentence.

In support of its conclusion, the trial court noted that 1) the 120-day time limit for filing a motion pursuant to Rule 35 had passed, and 2) Tennessee Code Annotated section 40-35-212(c) and (d)(1) were not applicable because the defendant was housed in a Department of Correction facility.  On February 16, 2018, the defendant filed a notice of appeal.

> Rule 35 of the Tennessee Rules of Criminal Procedure provides, as follows:
> (a) Timing of Motion.  The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked.  No extensions shall be allowed on the time limitation.  No other actions toll the running of this time limitation.
> (b) Limits of Sentence Modification.  The court may reduce a sentence only to one the court could have originally imposed.
> (c) Hearing Unnecessary.  The trial court may deny a motion for reduction of sentence under this rule without a hearing.
> (d) Appeal.  The defendant may appeal the denial of a motion for reduction of sentence but shall not be entitled to release on bond unless already under bond.  If the court modifies the sentence, the state may appeal as otherwise provided by law.

Tenn. R. Crim. P. 35.  According to the Advisory Commission Comments to Rule 35, "[t]he intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice."

The standard of review in a Rule 35 appeal is whether the trial court abused its discretion when acting upon the motion.  *State v. Irick*, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993).  "The intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice."  Tenn. R. Crim. P. 35, Advisory Comm'n Cmts.; *see also State v. Hodges*, 815 S.W.2d 151, 154 (Tenn. 1991).  As such, Rule 35 relief is generally inappropriate when the defendant has "failed to show that post-sentencing information or developments ha[ve] arisen to warrant a reduction of his sentence in the interest of justice."  *State v. McDonald*, 893 S.W.2d 945, 948 (Tenn. Crim. App. 1994); *see also State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006).

While the defendant contends he should be provided with a modification under Rule 35 because of a medical condition, Rule 35 does not provide for modifications of its time limitations.  To the contrary, the rule explicitly states that the 120-day limitations period cannot be extended or tolled.  *See* Tenn. R. Crim. P. 35(a).  Because the defendant's motion was filed outside the 120-day limitations period, the trial court was without jurisdiction to consider the motion.  The trial court also correctly noted it could not exercise jurisdiction over the defendant's sentence pursuant to Tennessee Code

Annotated sections 40-35-212(c) and (d)(1) because the defendant is incarcerated within the Department of Correction.  We agree.  Accordingly, we affirm the decision of the trial court.

When an opinion would have no precedential value, this Court may affirm by memorandum opinion the judgment or action of the trial court when the judgment was rendered or the action was taken in a proceeding without a jury and such judgment or action was not a determination of guilt, and the evidence does not preponderate against the finding of the trial court.  *See* Tenn. Ct. Crim. App. R. 20.  We conclude that this case satisfies the criteria of Rule 20.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J. ROSS DYER, JUDGE