IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 19, 2018 Session

**STATE OF TENNESSEE v. AREANNA O. LLOYD**

**Appeal from the Circuit Court for Rutherford County**
No. F-75770C     Royce Taylor, Judge

_____

**No. M2017-01919-CCA-R3-CD**

_____

Easter, J., dissenting in part.

I agree with the majority's well-reasoned conclusion that the trial court maintained jurisdiction over Defendant's sentence pursuant to Tennessee Code Annotated section 40-35-212 to consider her petition for a suspended sentence. I disagree with the majority's conclusion that the trial court correctly modified the Defendant's agreed upon sentence, which was the result of a fully negotiated plea agreement between Defendant and the State just mere months earlier. There is no evidence of post-sentencing information or developments that would warrant an alteration of the agreed upon manner of service of Defendant's sentence. I respectfully dissent.

An application to suspend the balance of a sentence has been described as being "akin to a motion to reduce a sentence" under Rule 35. *State v. Ruiz*, 204 S.W.3d 772, 777 (Tenn. 2006). The standard for evaluating such applications is "whether post-sentencing information or developments have arisen that warrant an alteration in the interests of justice." *Id.* This Court reviews a trial court's ruling under an abuse of discretion standard. *Id.* at 778; *State v. Edenfield*, 299 S.W.3d 344, 346 (Tenn. Crim. App. 2009). "[A]n appellate court should find that a trial court has abused its discretion only when the trial court has applied an incorrect legal standard, or has reached a decision which is illogical or unreasonable and causes an injustice to the party complaining." *Ruiz*, 204 S.W.3d at 778 (citing *Howell v. State*, 185 S.W.3d 319, 337 (Tenn. 2006)).

The standard utilized to review applications under Rule 35 has been applied in cases involving plea agreements where defendants seek to reduce or suspend the remainder of their sentences. *See State v. McDonald*, 893 S.W.2d 945 (Tenn. Crim. App. 1994); *State v. Thomas Jefferson Teague*, No. M2007-01646-CCA-R3-CD, 2008 WL 3850511, at *6 (Tenn. Crim. App. Aug. 19, 2008), *no perm. app. filed*. The defendant in *McDonald* was sentenced by the trial court pursuant to a plea agreement. 893 S.W.2d at

945.  Later, the defendant filed a Rule 35 motion for reduction of sentence, which the trial court denied based on the existence of the plea agreement.  On appeal, the defendant challenged the trial court's refusal to consider a Rule 35 motion because the case involved a negotiated plea agreement.  The State insisted that a negotiated plea agreement resulted in a waiver of the right to file a Rule 35 motion.  Our court affirmed the trial court's denial of the motion, holding that although the defendant had not completely waived his Rule 35 rights by entering a plea pursuant to Rule 11(e)(1)(C) of the Tennessee Rules of Criminal Procedure (now Rule 11(c)(1)(C)), the trial court could modify his sentences only if required in the "interest of justice." *McDonald*, 893 S.W.2d at 947.  Recognizing that alteration of a negotiated plea agreement sentence is limited in scope, we stated in *McDonald* that "a situation may arise where unforeseen, post-sentencing developments would permit modification of a sentence in the interest of justice." *Id.*

Here, it appears that Defendant entered her negotiated plea of guilty and sentence pursuant to Rule 11(c)(1)(C) of the Tennessee Rules of Criminal Procedure.  That is, the State and Defendant agreed to a specific sentence of seven years, two months, and twelve days to be served in confinement in the Department of Correction, which sentence was accepted and placed into effect by the trial court.  This was a binding contract between Defendant and the State to which the trial court was, in effect, not a party.  The trial court did not conduct a sentencing hearing.  The trial court took no action in fashioning the agreed-upon sentence and the manner of its service.  The record supports that the negotiated agreement was freely entered into by Defendant and the State.  Thus, in order to seek a reduction in the sentence, no matter whether the vehicle is Rule 35 or, as in this case, section 40-35-212, Defendant must show "unforeseen, post-sentencing developments [that] would permit modification of a sentence in the interest of justice." *McDonald*, 893 S.W.2d at 947.

Defendant claims that the parole board ("the Board") denied parole without giving her a definitive reason.[1]  Obviously, this denial would have occurred after sentencing, but it was not unforeseen.  "Release on parole is a privilege, and not a right."  T.C.A. § 40-35-303(b).  Therefore, just because a defendant is eligible for parole does not in any way entitle or "guarantee that he or she will be granted parole." *David v. State*, 313 S.W.3d 751, 756 n.5 (Tenn. 2010).

The possibility of parole after the service of twenty percent of her sentence was just that – a possibility.  A possibility carries with it an uncertainty of a definite result, but that uncertainty is known and cannot later be labeled unforeseen or unexpected.  In my

---

[1] I say "claims" because the only evidence in the record that Defendant was denied parole on April 11, 2017, is Defendant's self-serving testimony that the Board found Defendant to be "high risk" and "set me off 36 months."

view, Defendant's post-sentencing denial of parole, in and of itself, was always a real possibility that was foreseeable and expectable. It was not something that no one could have ever seen coming.

Post-sentencing developments which can be foreseen are not sufficient to justify a modification of a sentence in a case with a negotiated plea agreement under Rule 35 or otherwise. *See, e.g.*, *Ruiz*, 204 S.W.3d at 778; *McDonald*, 893 S.W.2d at 947; *State v. Johnathan David Patterson*, No. M2016-01716-CCA-R3-CD, 2017 WL 4342212, slip op. at 6-7 (Tenn. Crim. App. Sept. 29, 2017), *perm. app. granted* (Tenn. Feb. 14, 2018); *State v. Misty Ann Miller*, No. M2016-01165-CCA-R3-CD, 2017 WL 478267, at *3 (Tenn. Crim. App. Feb. 6, 2017) (finding defendant's numerous mental and physical conditions, which were known at the time of entry of the negotiated plea, failed to constitute a change in circumstances warranting modification of an agreed-upon sentence), *perm. app. denied* (Tenn. May 18, 2017); *State v. Russell Leaks*, No. W2013-01136-CCA-R3-CO, 2014 WL 10316777, at *2 (Tenn. Crim. App. May 15, 2014) (determining the defendant's claim that he would "seek intensive rehabilitation treatment if released" was not an "unforeseen, post-sentencing" development that would allow the trial court to modify the defendant's sentence from negotiated plea in the interest of justice); *State v. Hugo Mendez*, No. W2009-02108-CCA-R3-CD, 2010 WL 2836116, at *2 (Tenn. Crim. App. July 19, 2010) (stating completion of rehabilitative services during incarceration was not the "type [ ] of 'unforeseen developments' which would serve as a basis for sentence modification"), *no perm. app. filed*; *State v. Herman Sowell, Jr.*, No. M2008-02358-CCA-R3-CD, 2010 WL 987196, at *4 (Tenn. Crim. App. Mar. 17, 2010) (finding trial court did not abuse its discretion in denying modification of a sentence based on unforeseen circumstances arising from complications relating to pregnancy of the defendant's wife, which hampered her ability to support her family, where trial court determined interests of justice did not support modification of sentence), *no perm app. filed*; *State v. William C. Osborne, Jr.*, No. M2008-00988-CCA-R3-CD, 2009 WL 1260238, at *3 (Tenn. Crim. App. May 7, 2009) (finding Defendant presented no proof of unforeseen, post-sentencing developments, except the violation of his own probation, that would warrant modification of his sentence), *no perm. app. filed*; *State v. Robert C. Payne*, No. M2006-01662-CCA-R3-CD, 2007 WL 92355, at *1-2 (Tenn. Crim. App. Jan. 11, 2007) (denying relief under Rule 35 based on finding that "health and family concerns were present at the time of sentencing"), *no perm. app. filed*; *State v. John Harvey Jennings*, No. M2006-02055-CCA-R3-CD, 2007 WL 2600541, at *2-3 (Tenn. Crim. App. Sept. 11, 2007) (determining that alteration of defendant's sentence was not proper in the interest of justice), *no perm. app. filed*.

Finally, I am baffled at the mathematics established by this record. I admit that I have never been able to track the Board's sentencing calculator, but the raw numbers established by the Corrected Judgment contained in the record demonstrate that

Defendant received an agreed sentence of seven years, two months, and twelve days to serve in the Department of Correction. In my calculation, that results in a term of 2,627 days. A 20% release eligibility date (RED) results in a term of 525 days to serve before release eligibility is reached. Defendant had accrued 23 pre-trial credit days on her plea date, October 25, 2016, leaving 502 days to serve before her RED. Assuming that Defendant was in fact denied parole on April 11, 2017, the time span between the plea date and the parole hearing date yields only 192 days of incarceration. That leads me to conclude that Defendant had not reached her RED on April 11, 2017, and, therefore, was not even eligible for parole. Further, even with the additional 137 days between April 11 and September 1, 2017 (the date the trial court granted the suspended sentence), Defendant was still lacking some 173 days of a 20% RED. In short, it appears Defendant had not reached the 20% RED for an especially mitigated offender even by the time the trial court granted her petition for a suspended sentence.

Because Defendant failed to show unforeseen post-judgment developments, I believe the trial court abused its discretion by granting Defendant's petition for suspended sentence. I would, therefore, have reversed the trial court's judgment.

_____
TIMOTHY L. EASTER, JUDGE